## NANCE v. THE STATE.

LUMPKIN, J. 1. Upon the trial of one indicted for perjury, where a witness testified positively to the commission of the offense, and corroborating circumstances were relied on in connection with his testimony as a basis for conviction, such "corroborative evidence need not be in and of itself so strong as to support a verdict of guilty, but it must be sufficient to connect the accused with the perpetration of the offense and lead to the inference of his guilt, and more than sufficient to raise a suspicion against him." *Chapman* v. *State*, 112 *Ga.* 56(2); *Dixon* v. *State*, 116 *Ga.* 186.

2. Where the court has correctly charged the law on the subject of reasonable doubt concerning the whole case, it is not incumbent upon him to divide the case or the evidence into different propositions, and give a charge on the subject of a reasonable doubt in regard to one or more of them severally. *Smith* v. *State*, 124 *Ga.* 213.

3. Where an indictment charged the accused with having committed perjury in his testimony before the grand jury upon the investigation of

a charge against a person accused of illegally selling whisky, there was no error in admitting in evidence the indictment or special presentment found in the case upon which he was there examined, charging the illegal sale of whisky, upon the consideration of which by the grand jury the perjured testimony was alleged to have been given.

4. The evidence of corroborating circumstances in this case, together with the direct testimony of a witness, was sufficient to authorize a conviction of perjury.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 16,—Decided July 27, 1906.

Indictment for perjury. Before Judge Freeman. Coweta superior court. May 31, 1906.

*W. L. Stallings* and *A. H. Freeman,* for plaintiff in error.

*J. R. Terrell, solicitor-general,* contra.