## JAMES FLOYD v. STATE.

No. A-383. Opinion Filed February 6, 1911.

(113. Pac. 212.)

**ASSAULT AND BATTERY—Instructions—Self-Defense.** It is reversible error for the trial court to instruct the jury in an assault case, wherein the plea is self-defense, that the appearance of danger must cause in the defendant reasonable belief, founded on reasonable evidence. that he is in imminent danger of great bodily harm before he can avail himself of such plea, and that the defendant must have used all reasonable means in his power consistent with his safety to avoid the danger which apparently threatened him.

(Syllabus by the Court.)

*Appeal from District Court, Pottawatomie County; W. N. Maben, Judge.*

James Floyd was convicted of assault with a deadly weapon, and appeals. Reversed and remanded.

*C. D. Holt, Jesse Williams,* and *B. B. Blakeney,* for appellant. *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The plaintiff in error was tried in the district court of Pottawatomie county in October, 1908, on an indictment charging him with an assault with a dangerous and deadly weapon, and convicted. Motions for a new trial and in arrest of judgment were filed and overruled and exception saved. There are a great many errors urged in the brief of counsel for plaintiff in error, most of which are well taken, but we shall only discuss one of them, as the questions raised have been determined by this court, and the errors complained of will not likely recur on a trial anew of this cause.

The eleventh assignment of error complains of the following instruction, which appears in the case-made on page 53, as instruction No. 10:

"The jury are instructed that where the evidence shows beyond a reasonable doubt that the assault was committed by the defendant, and the defendant seeks to avoid the responsibility

5 Cr.—5

of such assault on the grounds of self-defense, it must be apparent from the evidence that the circumstances and surroundings of the defendant at the time of the assault were such as to cause in him the reasonable belief, founded on reasonable evidence, that he was in imminent danger of death or great bodily harm at the hands of his assailant, and, before the defendant can be excused on the ground of self-defense, he must have used all reasonable means within his power, consistent with his safety, to have avoided the danger which apparently threatened him, and to have averted the necessity for the assault."

This court has repeatedly held that such an instruction as the foregoing is prejudicial. In the case of *William P. Price v. State,* 1 Okla. Cr. 358, 98 Pac. 447, this court, in discussing an identical instruction with this, speaking through Presiding Judge Furman, said:

"This instruction is utterly inconsistent with, and directly contradictory to, the fundamental principles of criminal law, that all persons charged with crime are presumed to be innocent until they are proven guilty by competent evidence beyond a reasonable doubt, and that the burden is not upon a defendant to prove his innocence, but is at all times upon the state to prove his guilt beyond a reasonable doubt. Neither is it the law that when a person is threatened with death or great bodily injury that he must use all means consistent with his safety to avert the necessity of killing his assailant before he will be justified in doing so. This instruction destroys the right of the defendant to act upon appearances of danger. It took from the defendant the right to have the jury view the facts and circumstances of the case from the defendant's standpoint. * * * If this instruction is correct, then the right of self-defense can only be exercised by cowards and slaves, and as to brave men and free men it is a mockery, a snare, and a delusion."

The instruction discussed by this court in the case of *Price v. State* was given in a murder case, and the one before us now was given in an assault case. The principle of self-defense is in each the same. It was error in the trial court to give this instruction. The motion in arrest of judgment should have been sustained.

The judgment of the court below is reversed, and this cause remanded, with directions to grant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.