### 3467. WATTS *v.* THE STATE.

HILL, C. J.   1. On the trial of one for a violation of the prohibition law, where the principal witness for the prosecution was an employed detective, the trial judge charged as follows: "I charge you that while you may consider the witness's manner of testifying, and his interest or want of interest in the case, yet it is entirely legitimate for the City of Dublin to employ detectives to run down and ascertain those who violate the law." *Held:* (1) This instruction was not erroneous because "it placed the detective witness on an equal basis of credence with other witnesses wholly disinterested." (2) This instruction did not convey an intimation of opinion by the court as to the credibility of the witness, was not an inaccurate statement of the law relative to the standard by which the detective's evidence should be weighed, and was not calculated to make the jury believe that the law looked with favor, instead of distrust, upon this kind of testimony.

2. Where the trial judge, in the beginning of his charge to the jury, properly instructed them that they could not convict the accused unless they believed he was guilty beyond all reasonable doubt, he was not required to repeat this instruction when directing the jury as to the form of their verdict in the event they found the defendant guilty. The principle of reasonable doubt in criminal cases is so well established and so well known that the law does not require a trial judge to make constant repetition of the rule throughout his charge. One clear enunciation of the rule in the beginning, or at the conclusion, or elsewhere in the charge is sufficient to enlighten the jury on this subject.

3. No error of law appears, and the evidence fully supports the verdict.

*Judgment affirmed.*

DECIDED JUNE 29, 1911.

Accusation of sale of liquor; from city court of Dublin—Judge Hawkins.   April 18, 1911.

*Howard & Hightower, R. Earl Camp,* for plaintiff in error.
*George B. Davis, solicitor,* contra.