## FINIS JAMES V. THE STATE.

### No. 3107.  Decided April 29, 1914.

### Rehearing denied June 3, 1914.

**1.—Abandonment—Seduction—Jury and Jury Law.**

Where, upon trial of abandonment after seduction and marriage, the defendant challenged two jurors for cause and they answered that they were prejudiced against the crime of seduction and that they would believe a woman sooner than a man, it being shown that neither of these men served on the jury or that any objectionable juror was forced on defendant, there was no error.  Following Grissom v. State, 8 Texas Crim. App., 386, and other cases.

**2.—Same—Jury and Jury Law—Regular Panel.**

Where defendant demanded a full panel of the regular jury before passing on a partial list of the jurors which was overruled by the court, there was no reversible error.  Following Burfey v. State, 3 Texas Crim. App., 519, and other cases.

**3.—Same—Oath of Officer—Summoning Talesmen—Waiver.**

While the law requires that the officers should be sworn when the court instructs them to summon talesmen, but the defendant failed to make timely objection thereto on this ground, he will be presumed to have waived said right and can not make objection after the jurors have been offered and passed upon.  Following Murray v. State, 21 Texas Crim. App., 466.

**4.—Same—Evidence—Birth of Child.**

Upon trial of abandonment after seduction, etc., there was no error in admitting evidence that the prosecuting witness had given birth to a child.  Following Snodgrass v. State, 36 Texas Crim. Rep., 207.

**5.—Same—Corroboration—Prosecuting Witness.**

Upon trial of abandonment after seduction and marriage, there was no error in refusing a requested charge that the prosecuting witness must be corroborated both as to the act of intercourse and a promise of marriage; besides, the appellant having married prosecutrix after prosecution for seduction, etc., this would be corroboration.  Following Williams v. State, 59 Texas Crim. Rep., 347, and other cases.

**6.—Same—Accomplice—Charge of Court.**

Where, upon trial of abandonment after seduction and marriage, the court's charge on accomplice testimony followed approved precedent, there was no error.  Following King v. State, 57 Texas Crim. Rep., 363, and other cases.

**7.—Same—Reasonable Doubt—Charge of Court.**

Where, upon trial of abandonment after seduction and marriage, the court properly submitted the reasonable doubt, the same was sufficient, and it is not necessary to apply reasonable doubt to each paragraph of the court's charge.

**8.—Same—Continuance—Bill of Exceptions—Evidence.**

There being no motion for continuance in the record and no bill of exceptions to the introduction of testimony, these matters can not be considered on appeal.

**9.—Same—Charge of Court—Requested Charge.**

Where the requested charge was not submitted until the court had read his main charge to the jury, it came too late; besides, it did not present the correct proposition of law, and, therefore, the court properly refused it.

**10.—Same—Statutes Construed—Good Faith—Charge of Court.**

The law condones defendant's past offenses if he marries the injured female whom he has seduced and lives with and supports her, and also requires of him

to condone all the acts of his wife done prior to the marriage, and if she, after he has led her astray, and before he married her, should again fall, it would not justify him in abandoning her after marriage.

**11.—Same—Sufficiency of the Evidence.**

Where, upon trial of abandonment after seduction and marriage, the evidence sustained the conviction, although there was testimony that defendant did not originally seduce the prosecutrix, the same being too unreasonable and so contrary to all human experience as to justify the jury in not believing the same, there was no error.

Appeal from the District Court of Delta. Tried below before the Hon. Wm. Pierson.

Appeal from a conviction of abandonment after seduction and marriage; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sturgeon & Beauchamp,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of abandonment after seduction and marriage.

In the first two bills of exception it is shown that appellant challenged two jurors for cause, when they answered that they were "prejudiced against the crime of seduction." The bills further show that the jurors did not know appellant, and had no prejudice against him; had no opinion in the case, knew nothing about the case and nothing about appellant. The fact that they had antipathy to the crime or offense of seduction is not surprising. Nine-tenths or more of the citizenship of Texas would answer the question in the same way, and if this disqualified them from jury service, then only libertines would be qualified jurors in that character of case, and even some of them would answer that they did not believe it right to debauch a girl under a promise of marriage. It is further shown in these bills that these two jurors also answered that one witness being a man and another witness a woman, they would give more credence to the testimony of the woman than they would to the man. This is a common failing of mankind. However, it is not necessary to discuss this question as neither of these men served on the jury, and it is not shown that any objectionable juror was forced on appellant by reason of his being required to peremptorily challenge these men. Grissom v. State, 8 Texas Crim. App., 386; Wilson v. State, 32 Texas Crim. Rep., 22; Kramer v. State, 34 Texas Crim. Rep., 84; Burrell v. State, 18 Texas, 713.

It appears that only twenty-seven jurors were on the list furnished appellant, that being all the men in the jury box. Appellant demanded a full panel of thirty-two names before passing on the lists. The court committed no error in overruling the motion. Article 883, Code of

Criminal Procedure; Burfey v. State, 3 Texas Crim. App., 519; Bratt v. State, 41 S. W. Rep., 624.

It appears that when the officer waiting on the court was instructed to summon talesmen he was instructed as to his duties, but not sworn as required by law. It further appears that when a portion of the talesmen were put in the jury box, and before passing on them, one of defendant's attorneys asked the officer if he had been sworn to summon jurors in the case, and upon being informed that he had not, he did not then raise any objection, but after the jury had been selected, he then called the court's attention to the fact that the officer had not been sworn who summoned the jurors, but the court says that at that time no objection was made that the jurymen or either of them were not qualified jurors, nor that the officer had acted improperly in the premises in the summoning of the jury in any way whatsoever. The statute requires that the oath be administered, and a failure to administer it has been held to be reversible error when the objection is timely made, that is when the jurors were summoned and offered the defendant should then have challenged them upon the ground that the officer who summoned them had not been administered the oath as required by law. Article 22 of the Code provides that the defendant may waive any right secured to him by law, except the right of trial by jury in felony cases, and the defendant can not sit idly by until after the jury had been selected and then for the first time offer such objection, when the record affirmatively discloses that he was aware of such fact before the final completion of the jury. Of course, if it was shown that the officer had in any way acted improperly, or the jurymen thus selected were prejudiced, or that any right of appellant had been injuriously affected, reversible error would be presented. Murray v. State, 21 Texas Crim. App., 466.

Evidence was admitted that the prosecuting witness, Mamie Lee James, had given birth to a baby, and appellant requested the court to instruct the jury that said evidence could not be considered. In the case of Snodgrass v. State, 36 Texas Crim. Rep., 207, this contention was held adversely to appellant and the testimony held admissible, and that case has since been followed.

Another charge requested was that the prosecuting witness must be corroborated both as to the act of intercourse and the promise of marriage. In the case of Williams v. State, 59 Texas Crim. Rep., 347, and Nash v. State, 61 Texas Crim. Rep., 259, this question is discussed at length, and held adversely to appellant. These cases have been followed in all opinions rendered since that date, if not prior thereto and we do not deem it necessary to again discuss the matter. In this case appellant having married the prosecutrix, after prosecution against him had been begun for seduction, to secure a dismissal of that case, this would, however, be a circumstance tending strongly to corroborate on both issues, it being a virtual admission of those facts.

The first objection to the charge is that the court does not fully set out the law as to corroboration of accomplice in his charge. The charge

as given has been frequently approved by this court. King v. State, 57 Texas Crim. Rep., 363; Brown v. State, 57 Texas Crim. Rep., 570; Hinson v. State, 53 Texas Crim. Rep., 143; Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125.

The next complaint is that the court does not apply the law of reasonable doubt. The court instructed the jury: "The law presumes the defendant to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and the burden of proving guilt is on the State throughout the trial of the case and never shifts to the defendant, and in case you have a reasonable doubt as to the defendant's guilt you will acquit him." This sufficiently presented the issue, and it was not necessary to apply reasonable doubt to each paragraph of the charge.

There is no motion for continuance contained in the record, therefore this matter is not presented in a way we can consider it. There are a great many matters complained of in the motion for new trial as regards the introduction of testimony, but if objected to at the time no bills of exception were preserved, and, therefore, not presented in a way we can review them.

The offense of seduction is alleged to have taken place on June 5, 1912, and the prosecuting witness swears that the first act of intercourse took place on the night of the 5th of June. After the court had submitted his charge to appellant's counsel, and after the court had read it to the jury, in addition to the special charges theretofore asked, appellant then requested the court to give the following special charge: "That if they should believe from the evidence that Mamie Lee Newman had sexual intercourse with any one *after* the 5th day of June, 1912, being the day alleged in the bill of indictment, which the defendant is charged with seducing the said Mamie Lee Newman, and the defendant married her as alleged in the bill of indictment in this case not knowing of such sexual intercourse and that he married her in good faith believing her to be a virtuous woman and that after marriage if he was informed that she was guilty of such sexual intercourse and that is the reason he abandoned her, if he did abandon her, then I instruct you that he would not be guilty of abandonment after seduction and marriage or if you have a reasonable doubt about same you will acquit him." As this request for this charge was not made until after the court had read his charge to the jury, it came too late, and would have brought undue influence to its provisions, if it had been the law, and, therefore, there was no error in refusing it. But we do not think it presents a correct proposition of law, and therefore the court properly refused it, regardless of the time when it was presented to him. It is seen that it requests the court to charge the jury, that if after appellant had seduced the young lady, she had intercourse with any other person to acquit. The statute defining the offense of abandonment after seduction and marriage, authorizes the abandonment of the woman by the man only for such acts committed *after marriage* by

her as would entitle him to a divorce. It is not contended that after marriage she has done any wrong in this record. The law condones appellant's past offense if he marries the injured female and lives with and supports her, and while it does this it also requires of him to condone all the acts of his wife done prior to the marriage; and if after he had led her astray and seduced her, if she between that time and the time he married her, should again fall, it would not justify him in abandoning her. He having been guilty of the first wrong, must bear its consequences.

The evidence in this case amply supports a finding that appellant had carnal intercourse with the girl under a promise of marriage and that he married her to secure the dismissal of a case against him charging him with seducing her, and that after marriage he abandoned her, but appellant made a strenuous effort to show that she was not a chaste girl at the time he is alleged to have had the first act of intercourse with the girl. Appellant's brother, Clark James, swears that he had intercourse with the girl prior to the time she says she had the first act with Finis James, appellant. He says that although he was a witness in the seduction case, he had never told his brother until the day following his marriage. A Miss Ruth Woodward testifies that on that night Clark James came to see Miss Newman, the prosecutrix; that Henry Humphries came to see her. That both couples were in the same room, Miss Woodward and Humphries sitting on the bed, while the prosecutrix and Clark James were on the lounge in plain view of each, and there, while she was talking to her company, and in their presence, Clark James and Miss Newman had an act of intercourse. That she and Humphries were not so naughty. These occurrences are so contrary to all human experience—that a girl, in her own home, in the presence of her visitors, a young lady and a young man, would openly and flagrantly engage in such act; that the young man engaged in this act was appellant's brother, and he never told his brother when they were trying to send him to the penitentiary, yet did tell him immediately after his marriage, we are not surprised that the jury gave little or no credence to such testimony. Appellant earnestly insists that this raises a doubt as to appellant being guilty of seducing the girl, but it raised none in the jury's mind, and, as we have often said, when testimony is so unreasonable, so contrary to all human experience, if the State had relied on it for a conviction, we would not permit the verdict to stand, and although it is this time adduced in behalf of a defendant, that fact does not take its unreasonable character away from it, and we will not disturb the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 3, 1914.—Reporter.]