## P. M. VICK v. STATE.

No. A-2865.    Opinion Filed February 18, 1918.

(170 Pac. 711.)

**APPEAL AND ERROR—Time for Filing Petition in Error—Jurisdiction.** The statute limiting the time within which an appeal in a misdemeanor case can be taken to 120 days after the judgment was rendered is mandatory, and, where not complied with by filing petition in error with clerk, the Criminal Court of Appeals is without jurisdiction, and the appeal will be dismissed.

*Appeal from Superior Court, Muskogee County;*

*H. C. Thurman, Judge.*

P. M. Vick was convicted of a violation of the prohibitory law, and he appeals. Appeal dismissed.

*J. C. Denton* and *Frank Lee,* for plaintiff in error.

*S. P. Freeling* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, P. M. Vick, was convicted in the superior court of Muskogee county of the offense of having possession of intoxicating liquors with intent to sell the same. The proof on the part of the state shows that the officers in executing a search warrant found nine cases and five kegs of whisky, amounting to about 52 gallons, in a vacant store building, situated near the corner of Seventh and Tamora streets, city of Muskogee. The jury fixed his punishment at imprisonment in the county jail for a period of 60 days and a fine of $300. On May 6, 1916, the court rendered judgment in accordance with the verdict.

From the record it appears that an appeal from the judgment was attempted to be taken by filing in this court on November 2, 1916, a petition in error with case-made. Thus it appears from the record that the petition in error was not filed with the clerk of this court within 120 days after the judgment was rendered. It appearing that the information in this case merely charges a misdemeanor, the statute limiting the time within which an appeal can be taken to this court is mandatory. It follows that the court is without jurisdiction of this appeal.

The purported appeal is therefore dismissed, and the cause remanded to the superior court of Muskogee county. Mandate forthwith.