ODUS W. DAVIS v. STATE.

No. A-3082—Opinion Filed April 21, 1919.

Rehearing Denied Sept. 6, 1919.

(182 Pac. 909.)

1   APPEAL AND ERROR—Review—Instructions as a Whole. The instructions given the jury by the court must be considered as a whole, and unless fundamental error is shown in the giving of a paragraph of said instructions, the case will not be reversed on account of the giving of such paragraph.

2.  SAME—Instruction—Fundamental Error. The paragraph of the instructions given in this case of which the defendant complains carefully considered, and held not to be fundamental error.

3.  APPEAL AND ERROR—Remarks of County Attorney—Review—Record. In order to have alleged improper remarks of the county attorney to the jury reviewed, the record, outside of an averment in the motion for a new trial, must show that such remarks were made, and that such alleged remarks were objected to when made and request made to the court to withdraw same from consideration of the jury.

4    INTOXICATING LIQUORS—Possession with Intent to Sell—
Sufficiency of Evidence. The entire record in this case carefully
read and considered, and the evidence found sufficient to sustain
the verdict, and the judgment thereon rendered, and that no error
prejudicial to the defendant intervened in the trial of the case.

*Appeal, from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Odus W. Davis was convicted of having unlawful possession of intoxicating liquor with intent to sell the same, and appeals. Affirmed.

*W. J. Crump, H. G. Bailey,* and *Don M. Crump,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Odus W. Davis, hereinafter called defendant, was by information charged with the offense of having intoxicating liquor in his possession with the intention to unlawfully sell the same, convicted and sentenced to serve a term of six months in the county jail of Muskogee county, Okla., at hard labor, to pay a fine in the sum of $500 and the costs of this prosecution, and to stand committed until said fine and costs are paid. To reverse the judgment rendered, he prosecutes this appeal.

The undenied evidence in this case shows that deputy sheriffs raided a dwelling in the town of Haskell, Okla., and found therein a very large quantity of intoxicating liquors, 200 or 300 quarts, at the time alleged in the information, and there was evidence tending to show that the dwelling in which said liquors were found was the dwelling of the defendant. The defendant did not offer any evidence in defense of the offense charged.

Upon the conclusion of the evidence the defendant demurred to the evidence, which the court overruled, and the defendant excepted. Demurrer to the evidence is not authorized by procedure of this state. If the evidence is thought insufficient, a request for a directed instruction of acquittal should be asked. We will consider the demurrer to the evidence as a request for a verdict for defendant to be directed by the court.

We have carefully read and considered all the evidence in the case, and we cannot agree with the contention of the defendant that the evidence is insufficient to show that the dwelling in which said intoxicating liquors were found was the dwelling of the defendant, and to support the verdict and judgment thereon rendered, as we are of the opinion that such evidence was sufficient to reasonably establish that said residence was the residence of the defendant, and that the quantity of whisky found was sufficient to show that the defendant intended to sell the same. The court would have erred if he had directed the acquittal of the defendant.

The defendant contends that the court erred in giving the jury the third paragraph of the instructions given. Not so. The instructions must be considered as a whole, and, when so considered, we are unable to see that said instructions as a whole probably resulted in a miscarriage of justice or constituted a violation of a constitutional or statutory right of the defendant, and that the court erred in giving said paragraph. *West v. State,* 13 Okla. Cr. 312, 164 Pac. 327, L. R. A. 1917E, 1129; *Seigler v. State,* 11 Okla. Cr. 131, 145 Pac. 308.

The defendant further complains that the assistant county attorney, in addressing the jury, was guilty of re-

marks violative of section 5881, Rev. Laws 1910, but the record fails to show that the remarks alleged to have been made were made, except by an averment in the motion for a new trial, and the defendant admits in his brief that he did not object to said remarks at the time they were alleged to have been made. Under this state of the record we must decline to review said alleged improper remarks of the said attorney. *Bob Walker v. State,* 6 Okla. Cr. 370, 118 Pac. 1005; *Norman Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57.

We think that the motion for a new trial was without merit, and properly overruled.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.