## PETER COLE v. STATE.

No. A-3532—Opinion Filed March 5, 1921.

(195 Pac. 901.)

(Syllabus.)

1.    **APPEAL AND ERROR—Review—Conflicting Evidence—Credibility of Witnesses.** It is within the province of the jury to believe the state's witnesses, to the exclusion of those for defendant. A judgment of conviction, based upon conflicting evidence,

will not be disturbed on appeal, where there is competent, legal, and apparently credible evidence reasonably supporting the verdict.

2.     **TRIAL—Instructions on Reasonable Doubt—Repetitions.** The principle of "reasonable doubt" is so firmly intrenched in the criminal jurisprudence of this country, and so well known by jurors generally, as not to require constant repetition of the rule in every paragraph of the instructions, especially where the issues are not involved, and no affirmative defense is interposed.

3.     **SAME—Instruction on Credibility of Witnesses.** The general instruction on the credibility of witnesses is a sufficient rule for the guidance of the jury. The trial court should not attempt to give the jury an instruction as to whom they should believe, or whom they may disbelieve, but leave this matter to the common sense, sound judgment, and experience of the jurors.

4.     **SAME .** The trial court gave the following instruction: "If you find that any witness has willfully testified falsely to any material question, then you are at liberty to disregard the whole of the testimony of such witness, except so far as the same may be corroborated by other credible evidence." Held, said instruction does not amount to a comment upon the weight of the evidence of any witness, nor an invasion of the province of the jury as to the credibility of witnesses, when considered in connection with the general instructions, given in this case, "that the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given their testimony." The decision in **Rea. v. State,** 3 Okla. Cr. 269, 105 Pac. 381, as to this point, disapproved and overruled.

*Appeal from County Court, Pushmataha County;*
*A. W. Rison, Judge.*

Peter Cole was convicted of pointing a deadly weapon, and he appeals. Affirmed.

*Welch & Welch,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the county court of Pushmataha county, in which court defendant, Peter

Cole, was convicted of pointing a Winchester rifle at one S. L. Capps, and sentenced to pay a fine of $250 and to serve three months' imprisonment in the county jail.

The offense was committed at the home of the prosecuting witness, Capps, on the 1st day of May, 1918, late in the afternoon of that date, and both the prosecuting witness and his wife testify positively that defendant pointed a Winchester rifle at Capps. Defendant admitted being at the place on that occasion, explaining his presence there for the purpose of inquiring of Capps about ejecting a tenant of defendant from certain land that Capps had recently purchased. Defendant admitted having the Winchester rifle, and said he had taken it out for hunting purposes. He denied, however, pointing the weapon at Capps.

It is contended that under this state of facts the evidence is insufficient to sustain the conviction. The testimony of the state's witnesses makes out a clear case of guilt of the crime charged. Defendant flatly denies his guilt. A son of the prosecuting witness, who was working in a field a short distance away, says he did not see defendant point any weapon at the prosecuting witness, but saw him go in the direction of the home of the prosecuting witness, carrying a Winchester rifle on his shoulder. A witness by the name of Thomlinson, who was the tenant above referred to, also testified that he did not see defendant point the Winchester rifle at Capps, and further said that he was in a position to see it if it had occurred.

The weight of this evidence, as well as the credibility of the witnesses, were matters for the exclusive determination of the jury. It was within the province of

the jury to believe the state's witnesses to the exclusion of defendant. There is no good reason to disturb the judgment because of the insufficiency of the evidence. If this judgment of conviction were to be disturbed on that ground, every case appealed to this court based upon conflicting evidence would necessarily have to be reversed.

Secondly, it is contended that the court erred in giving instruction No. 3, which is as follows:

"And you are further instructed that, if you believe from the evidence in this case that on or about the 1st day of May, 1918, in this county and state, the defendant, Peter Cole, pointed a deadly weapon, to wit, a Winchester rifle. at S. L. Capps, you should find the defendant guilty as charged."

A general exception was taken to the foregoing instruction on the ground that it did not state "the law applicable to the case." No more definite objection was made at the time, nor was any other instruction in more specific terms presented to the court with a request that it be given.

The particular objection here urged against the instruction is that it omits, after the words "if you believe from the evidence in this case," the words "beyond a reasonable doubt."

By instruction No. 1, the jury were charged as follows:

"You are instructed, that the defendant is presumed innocent, and that this presumption remains with him during the trial until it has been overcome by legal and competent evidence, sufficient to satisfy your minds of his guilt beyond a reasonable doubt."

The court also gave the following instruction:

"If, after a careful and fair consideration of the testimony in the whole case, you have a reasonable doubt of defendant's guilt, you will resolve that doubt in favor of defendant and return a verdict of acquittal."

The argument is advanced that instruction No. 3 is the substantive instruction of the whole charge to the jury; that it is the only instruction advising the jury under what circumstances they should find defendant guilty and upon what degree of proof the conviction should be based; and being the only substantive instruction contained in the general charge, it was particularly prejudicial to defendant to omit the words "beyond a reasonable doubt" from this particular instruction, because the jury without the use of such words would be permitted by said instruction to convict defendant, were they only satisfied of guilt by a fair preponderance of the evidence.

The contention urged finds some support in the early opinions of this court. On the other hand, there are numerous and later authorities to the effect that the instructions must be considered as a whole, and if, when considered together, they fairly and correctly state the law applicable to the case and are not misleading, they will be sufficient. *Updike v. State,* 9 Okla. Cr. 124, 130 Pac. 1107; *Nutt v. State,* 8 Okla. Cr. 266, 128 Pac. 165; *Davis v. State,* 16 Okla. Cr. 377, 182 Pac. 909; *Davis v. State,* 15 Okla. Cr. 661, 182 Pac. 909; *Dunbar v. State,* 15 Okla. Cr. 513, 178 Pac. 699.

Also:

"Defendant is not permitted to pick out a certain instruction and ask the court to pass upon its correctness separate and apart from the instructions as a whole." *Inklebarger v. State,* 8 Okla. Cr. 316, 127 Pac. 707.

The trial court here gave the benefit to defendant of an instruction on the presumption of innocence, and further told the jury that upon the whole case they must be satisfied of the guilt of defendant beyond a reasonable doubt, else they must acquit.

· The issue in this case was not involved. Defendant merely denied his guilt, he interposed no affirmative defense. While instruction No. 3 is incomplete within itself, it is not in direct conflict with instructions Nos. 1 and 6, heretofore referred to, and, when supplemented by said instructions, it is our opinion that the doctrine of "reasonable doubt" was fairly conveyed to the jury. The principle of reasonable doubt at this late day is so firmly intrenched in the criminal jurisprudence of ·this country, and is so well known by jurors generally, as certainly not to require constant repetition of the rule in every paragraph of the charge. especially 'where the issues are not involved and no affirmative defense is interposed.

In view of the specific provisions of section 6005, Revised Laws 1910 (which 'was not in force at the time the cases relied upon by defendant's counsel were decided), that the appellate court shall not set aside any judgment on the ground, among others, of the misdirection of the jury, unless it appears after an examination of the entire record that the error complained of has probably resulted. in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right, it cannot be said that the instruction complained of, when considered in connection with the other instructions given, in any way tended to deprive defendant of proof of his guilt beyond a reasonable doubt, or resulted to his prejudice to the extent of depriving him of a fair trial. See,

also, *Teague v. State,* 100 S. W. 401; *Edwards v. State,* 58 Tex. Cr. R. 342, 125 S. W. 894; *James v. State,* 74 Tex. Cr. R. 139, 167 S. W. 727; *Nance v. State,* 126 Ga. 95, 54 S. E. 932; *Watts v. State,* 9 Ga. App. 500, 71 S. E. 766.

Further it is contended that the trial court erred in giving instruction No. 8, which is as follows:

"If you find that any witness has willfully testified to any material question, then you are at liberty to disregard the whole of the testimony of such witness, except so far as the same may be corroborated by other credible evidence."

The instruction was excepted to at the time as not being the law applicable to the case. It is urged that the instruction is fatally defective, in that it invades the province of the jury and binds them to believe and act upon the corroborated portion of the testimony of the witness, although the jury may not in fact believe any of it.

The contention urged finds much support in the former decisions of this court, beginning with the case of *Rea v. State,* 3 Okla. Cr. 269, 105 Pac. 381. The decision in the Rea Case was based upon the decisions of the Supreme Court of Kansas in the cases of *Shellabarger v. Nafus,* 15 Kan. 547, and *State v. Potter,* 16 Kan. 99. The instruction disapproved by the Supreme Court of Kansas in the Shellabarger and Potter Cases was entirely different to the one condemned by this court in the case of *Rea v. State,* which decision was followed in the later cases relied upon. The instruction condemned in the Kansas cases was as follows:

"If any witness has willfully testified falsely to any

material fact in the case, then the jury should disregard all the testimony of such witness."

That instruction was a plain mandate to the jury to disregard all the testimony of any witness who they believed had willfully testified falsely to any material fact. The jury was left no discretion; they were told they should disregard all the testimony of such a witness. The instruction, therefore, was a plain invasion of the province of the jury to judge of the credibility of the witnesses and the weight to be given to their testimony.

The instruction here given, however, is not mandatory in its terms, but merely tells the jury that they are at liberty to disregard the testimony of any witness whom they may believe has willfully testified falsely to any material fact, except in so far as the same may be corroborated by other credible evidence. Analyzed, the instruction means that, if the testimony of a witness whom the jury believes has willfully testified falsely to a material fact is corroborated by other credible evidence, then the jury should not arbitrarily disregard it.

Some courts hold that it is proper to instruct the jury that they may disregard the entire evidence of a witness who they believe has wilfully sworn falsely to a material fact; on the other hand, the holding is, and we think supported by the weight of authority and by better reasoning, that, while a witness may intentionally swear falsely to some material fact, nevertheless he might, from motive, or lack of motive, or some other reason, swear truthfully as to other facts, and therefore it would not be proper to instruct the jury to disregard his entire testimony, but hold that, where the testimony of such witness is uncorroborated, the jury may disregard it, but, if his

testimony is corroborated, they may not disregard it arbitrarily, but must pay heed to and consider and weigh it as they would the testimony of other witnesses.

The instruction here complained of, we believe, attempts to tell the jury that, although they may believe a witness has willfully testified falsely to a material matter in issue, they are not at liberty to arbitrarily disregard the testimony of such witness, if the same be corroborated by other credible evidence. Nowhere is the jury told that they must accept, act upon, and believe the testimony of such witness in any particular. In this respect the instruction is materially different from that condemned in the Kansas cases, upon which the decision in the case of *Rea v. State* is based.

In the case of *Faulkner v. Territory*, 6 N. M. 464, at page 486, 30 Pac. 905, at page 911, the Supreme Court of New Mexico, construing an identical instruction applicable alone to defendant's testimony, said the following:

"By another instruction the jury were told that, 'if you believe from the evidence that the defendant, as a witness, * * * has willfully sworn falsely in this trial as to any matter or thing material to the issue in this case, then you are at liberty to disregard his entire testimony, except so far as it has been corroborated by other credible evidence, or by facts and circumstances proved on the trial.' It is urged that this is erroneous, because it is not the law in civil cases, much less in criminal, that the testimony of a party must be corroborated in order to be believed by the jury. While this is true, we fail to see the applicability of the objection to the instruction before us. The court does not say that the defendant's testimony, as such, must be corroborated, but, if they believe that he has willfully sworn falsely to material

matters, that they are at liberty to disregard that portion unless corroborated. The instruction was favorable to him rather than otherwise, as it protected testimony favorable to him from other witnesses, even though he might have discredited it by his false swearing, if the jury found that he had sworn falsely. That this is a correct instruction is fully sustained by adjudicated cases. Some judges have directed juries to disregard such testimony, and the appellate tribunals have said it was error. In this case, however, the judge gave them the law, and said they were at liberty to disregard it unless corroborated. *Jones v. People,* 2 Colo. 351; *Mead v. McGraw,* 19 Ohio St. 55; *Senter v. Carr,* 15 N. H. 351; 10 Crim. Law Mag. p. 167, § 10."

Other decisions in principle substantially the same are as follows: *Churchwell v. State,* 117 Ala. 124, 23 South. 72; *Wynne v. State,* 155 Ala. 99, 46 South. 459; *Seawright v. State,* 160 Ala. 33, 49 South. 325; *Rider v. People,* 110 Ill. 11; *Niezorawski v. State,* 131 Wis. 166, 111 N. W. 250.

The reasons stated for holding it to be reversible error in the Rea Case, and those cases which follow the line of reasoning given in the Rea Case (upon more mature reflection, and in view of the fact that the Rea Case was based upon two decisions of the Kansas Supreme Court reversing cases upon an entirely different instruction), we think should not be followed at this time, and, for reasons here given, the holding in the Rea Case, and the others following it, is disapproved and overruled.

The learned judge who wrote the opinion in the Rea Case evidently appreciated the fact that this court had overstepped the bounds of propriety in holding the giving of such an instruction reversible error, for, in the later case of *Williams v. State,* 9 Okla. Cr. 206, 131 Pac. 179, he stated:

"We do not think, however, that the giving of this instruction is necessarily reversible error, because cases may arise in which such an instruction would be beneficial to the defendant, or in which the evidence was so clear and conclusive as to the guilt of the defendant that there could be no question that he was not injured by such instruction. The better plan is for the trial court not to attempt to give the jury an instruction as to whom they shall believe or whom they may disbelieve, but to leave this matter to the common sense, sound judgment, and experience of the jurors."

This court has held that the general instruction on the credibility of witnesses is a sufficient rule for the guidance of the jury. *Munson v. State,* 13 Okla. Cr. 569, 165 Pac. 1162; *Darneal v. State,* 14 Okla. Cr. 540, 174 Pac. 290, 1 A. L. R. 638. In the instant case the trial court also gave such general instruction in its usual form.

The prosecuting witness, Capps, testified that defendant pointed a Winchester rifle at him. In this he was corroborated by the testimony of his wife. Defendant denied pointing the Winchester rifle at Capps. In this he was corroborated by the testimony of his tenant, Thomlinson. The material question to be determined was whether or not defendant had pointed the Winchester rifle at Capps. The instruction complained of appears to have been equally as applicable to the prosecution's evidence as to that of the defense. We fail to see wherein it worked harm to defendant, without harm to the state. On the other hand, it was beneficial to the state, it was equally beneficial to defendant. Impartially considered, however, we believe that the instruction was not a comment upon the weight of the evidence of any witness, nor an invasion of the province of the jury as to the credibility of the witnesses, especially when considered

in connection with the general instruction usually given as to the credibility of witnesses heretofore referred to.

Finding no reversible error in the record, the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.