## 15454.  BALKMAN v. THE STATE.

BROYLES, C. J.   1.  The court's charge upon the subject of good character was not error for any reason assigned.  *Hill* v. *State*, 18 *Ga. App.* 259 (1 *b*) (89 S. E. 351).

2. The defendant was convicted of an assault with intent to murder.  The case was a very close one, and under all the particular facts it was prejudicial error for the court, in charging the jury, as set forth in the 2d special ground of the motion for a new trial, to fail, in that connection, to instruct them specifically that they should return a verdict of not guilty if, under all the facts and circumstances of the case, they had a reasonable doubt as to the guilt of the defendant.

3. The other alleged errors in the charge of the court as complained of in special grounds 3 and 4 of the motion for a new trial are not likely to recur upon another hearing of the case.

4. The error in the charge referred to above in paragraph 2 requires a new trial, and it was error to overrule the motion for a new trial.

*Judgment reversed.  Luke, J., concurs.  Bloodworth, J., dissents.*

DECIDED MAY 15, 1924.

Indictment for murder—conviction of assault with intent to murder; from Bibb superior court—Judge Mathews.  February 2, 1924.

*John R. Cooper, W. O. Cooper Jr., W. I. Geer,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J., dissenting.  The excerpt from the charge of the court upon which the majority opinion is based closes with these words: "If you have any reasonable doubt about the guilt of the defendant, you will give him the benefit of the doubt.  If, in considering his defense, you believe that he acted under the fears of a reasonable man and under what seemed to him a present necessity to shoot, if he did shoot, or if you have any reasonable doubt on that subject, give him the benefit of the doubt."  I cannot agree with my associates that the judgment in this case should be reversed on the ground that the judge failed to add at the end of this excerpt the words "and find him not guilty."  The court fully and clearly instructed the jury upon reasonable doubt, and, both before and after the portion of the charge under discussion, told them that if the evidence did not show beyond a reasonable doubt the guilt of the accused, it would be their duty to acquit him.  I think that where a charge has in it a clear enunciation of the rule that if the jury has any reasonable doubt of the guilt of the defendant it would be their duty to acquit him, it is not neces-

sary, each time they are instructed "if you have any reasonable doubt as to his guilt, you should give him the benefit of the doubt," to add thereto the words, *"and acquit him."* When the whole charge in this case is considered, I do not think the jury could have reached any other conclusion, upon being told to give the defendant the benefit of the doubt, than that this meant that if they did this, a verdict of not guilty would necessarily follow. I do not think that the judge is required to repeat these words any more than he is to repeat instructions on reasonable doubt. See *Harris* v. *State,* 1 *Ga. App.* 136 (4) (57 S. E. 937); *Watts* v. *State,* 9 *Ga. App.* 500 (2) (71 S. E. 766); *Nance* v. *State,* 126 *Ga.* 95 (2) (54 S. E. 932).