## BILL WATSON v. STATE.

No. A-4557.   Opinion Filed Nov. 22, 1924.
(230 Pac. 521.)

(Syllabus.)

**Trial—Instructions on Reasonable Doubt—Repetitions Unnecessary.**
It is not necessary to repeat over and over, in every instruction, that each issue must be established beyond a reasonable doubt, where from the instructions as a whole it is made clear that every issue must be so established; but the trial court should so frame his instructions that the jury will understand that the question of reasonable doubt applies to every material issue in the case.

Appeal from County Court, Pontotoc County; Tal Crawford, Judge.

Bill Watson was convicted of the illegal sale of intoxicating liquor, and he appeals. Reversed.

See, also, 26 Okla. 272, 223 Pac. 405.

King & Crawford, for plaintiff in error.

The Attorney General and Baxter Taylor, Asst. Atty. Gen., for the State.

BESSEY, J. The plaintiff in error, Bill Watson, here designated the defendant, was, in the county court of Pontotoc county, convicted of the unlawful sale of one pint of whisky. He was sentenced to confinement in the county jail for a period of 30 days, and to pay a fine of $100.

There were but two witnesses in the case. The prosecuting witness said he purchased this whisky from the defendant in a store in Ada. The defendant took the stand and denied that he sold this or any other whisky to the prosecuting witness—a direct conflict in the evidence, involving the credibility of two witnesses, the only witnesses in the case. No attempt was made to impeach either witness. Instructions numbered 1, 2, 3, and 5 are as follows:

"(1) You are instructed that the defendant is presumed to be innocent, until his guilt is established to your satisfaction beyond a reasonable doubt.

"(2) The burden of proof is on the state to prove every material allegation in the information, before you can convict the defendant.

"(3) If you find the defendant did sell this whisky, at the time and place mentioned in the information, to one J. C. Keegan, then it will be your duty to find the defendant guilty; otherwise you will acquit him."

"(5) If they prove it is corn whisky, it is intoxicating. The state does not have to prove it intoxicating. All that they have to prove is that it is corn whisky, and it is presumed to be intoxicating."

Defendant excepted to all these instructions, save the first.

The question of reasonable doubt was the chief issue raised by the evidence in this case. Under circumstances like

these, every other issue must stand or fall upon the determination of whether or not there was reasonable doubt. Following the directions given in Remer v. State, 3 Okla. Cr. 706, 109 Pac. 247, we think the instructions should have further stressed the matter of reasonable doubt. The jury had a right to assume that instructions Nos. 2, 3, and 5 were each intended to be complete on the respective issues treated, and that the declaration in instruction No. 1 was indefinite, and not necessarily to be considered as a part of each of the instructions following. Where the paramount issue, and practically the only issue in the case, is the question of reasonable doubt, the trial court should, in his instructions, make that issue very clear. In this case this was not done.

We are not unmindful of a line of decisions holding that it is not necessary to repeat over and over, in every instruction, that each issue must be established beyond a reasonable doubt, where from the instructions, as a whole, it is made clear that every issue must be so established. Cole v. State, 18 Okla. Cr. 430, 195 Pac. 901; McCarty v. State, 21 Okla. Cr. 365, 207 Pac. 1069; Edwards v. State, 24 Okla. Cr. 169, 216 Pac. 947.

But the instructions here do not meet that requirement. Where, as in this case, there are but two witnesses, giving testimony in direct conflict, the instructions should so clearly state this principle of law as applying to reasonable doubt as to obviate any misconception of the law by the jury. On account of the instructions as here given, there may have been a miscarriage of justice.

The judgment of the trial court is therefore reversed.

DOYLE, J., concurs.

MATSON, P. J., not participating.