## SON HICKMAN v. STATE.

No. A-5125. Opinion Filed Nov. 21, 1925.
(240 Pac. 1097.)

Mathers & Coakley, for plaintiff in error.

Geo. F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for the State.

EDWARDS, J. From a conviction in the district court of Carter county on a charge of shooting another with intent to kill, the plaintiff in error, hereinafter called defendant, has appealed.

The record discloses that on the 1st day of June, 1923, the defendant and Jodie Hope, at a political speaking at Springer, became involved in a difficulty. The Hope boy was 18 years old and the defendant 19, and they were not

acquainted with each other. The circumstances of the difficulty vary widely as to the origin and the details as narrated by the defendant and the prosecuting witness; but they agree that a fight took place, in which the prosecuting witness knocked down the defendant once or twice, and the defendant, with a six-shooter, shot the prosecuting witness through the fleshy part of the leg. It appears that they both were feeling their oats, inclined to be pugnacious and ready to fight. The information is based on section 1756, Comp. St. 1921, and the verdict fixes the punishment at one year in the penitentiary. Upon the conclusion of the evidence, and before the court instructed the jury, defendant's counsel requested that the instructions define and submit the law of assault to do bodily harm under the provisions of section 1764, Comp. St. 1921, which request was denied.

Only two assignments of error are argued: First. That the court, in its instructions numbered 4, 5, and 6, shifted the burden of proof upon the defendant. Second. That the court erred in refusing to instruct on the lesser offense of assault with intent to do bodily harm. These assignments will be considered in the order presented.

The first assignment is directed to the failure of the trial court in his instructions numbered 4, 5, and 6 to require the proving of guilt beyond a reasonable doubt. In No. 4 the court used the language, "But if the jury find that the defendant had reasonable ground to believe, and did believe from the facts and circumstances," etc.; in instruction No. 5 the court said, "If you find the contention of the prosecuting witness, Jodie Hope, to be true," etc.; and in instruction No. 6 the court said, "If you find from the evidence, * * * and you should further find," etc., without the addition of the term "beyond a reasonable doubt." This, it is contended, shifts the burden and permits a conviction on a less degree of proof than the law requires,

citing: Davis v. State, 4 Okla. Cr. 508, 113 P. 220; Nichols v. State, 10 Okla. Cr. 247, 135 P. 1071; Price v. State, 1 Okla. Cr. 358, 98 P. 447; Floyd v. State, 5 Okla. Cr. 65, 113 P. 212; Smith v. State, 12 Okla. Cr. 489, 159 P. 668.

Considered separately, these instructions would constitute reversible error, but, when considered with all the instructions in the case, we believe that the jury are clearly told that guilt must be established beyond a reasonable doubt. In instruction No. 8 the jury are told:

"If you should find the defendant not guilty, or if upon the whole case and these instructions you should entertain a reasonable doubt as to his guilt, you should find the defendant not guilty, and so say by your verdict."

In instruction No. 2 the jury are told that the presumption of innocence remains with the defendant until it is overcome by evidence beyond a reasonable doubt.

In the case of Edwards v. State, 24 Okla. Cr. 169, 216 P. 947, this court said:

"The court, instructing the jury in a criminal case, is not obliged to repeat over and over again the words 'beyond a reasonable doubt,' where from a reasonable interpretation of the instructions as a whole it must be apparent to the jury that every material issue must be established beyond a reasonable doubt."

And in the case of McCarty v. State, 21 Okla. Cr. 365, 207 P. 1069, it was said:

" 'The principle of "reasonable doubt" is so firmly entrenched in the criminal jurisprudence of this country, and so well known by jurors generally, as not to require constant repetition of the rule in every paragraph of the instructions, especially where the issues are not involved, and no affirmative defense is interposed.' * * *

"Where the instructions as a whole fairly cover the law of the case, and are not misleading, although some in-

structions may be inartificially drawn, the general charge will be held sufficiently comprehensive."

Supporting the same general rule are the following: Updike v. State, 9 Okla. Cr. 124, 130 P. 1107; Cole v. State, 18 Okla. Cr. 430, 195 P. 901; Little v. State, 25 Okla. Cr. 190, 219 P. 424; Watson v. State, 28 Okla. Cr. 244, 230 P. 521.

While it is a safer rule to use the term "beyond a reasonable doubt" in instructions such as complained of, yet under the record we think the error does not require a reversal.

The second assignment is based on the refusal of the trial court to instruct on the lesser offense of shooting with intent to do bodily harm as an included offense. Section 1756, Comp. St. 1921, under which the prosecution is brought, is as follows:

"Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, air gun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years."

Section 1764, Comp. St. 1921, defines an assault with intent to do bodily harm as follows:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

Under the charge contained in the information, the defendant might have been found guilty of a shooting with intent to kill as defined in section 1756, or of a shooting with intent to do bodily harm as defined in section 1764.

In the case of Gatliff v. Territory, 2 Okla. 523, 37 P. 810, this court said:

"An assault with intent to do bodily harm without justifiable or excusable cause is included in the charge laid in an indictment of assault with intent to kill, and under our statute which provides that the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment the defendant may be found guilty of the lesser offense of an assault with intent to do bodily harm."

In the case of Clark v. State, 6 Okla. Cr. 100, 116 P. 200, it was held:

"An assault with intent to do bodily harm by shooting or attempting to shoot at another without justifiable or excusable cause is included in an indictment of assault with intent to kill by shooting or attempting to shoot at another."

In the case of Lloyd v. State, 15 Okla. Cr. 130, 175 P. 374, it was said:

"In a prosecution for assault with a sharp or dangerous weapon with intent to do bodily harm, the jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which the defendant is charged in the information, and it is the duty of the court to submit to the jury instructions upon every degree of assault which the evidence, in any reasonable view of it, suggests."

The jury have the right to fix the degree of the crime for which a defendant is convicted, and, when the evidence is such that any doubt is suggested as to which degree of an offense is proven, it is the duty of the court to instruct the jury upon every degree which the evidence suggests,

and, even if the court should instruct upon a lesser included offense, though not warranted by the evidence this court will generally not disturb the verdict upon the ground that the defendant was convicted of a lesser offense than that established by the evidence. Warren v. State, 6 Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 1121.

But, as we view the evidence in this case, it required an instruction upon the included offense of assault to do bodily harm, and the failure of the trial court to so instruct requires a reversal.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.