## A. E. BREWER v. STATE.

No. A-10691.    May 14, 1947.

(180 P. 2d 848.)

C. B. Wood, of Fairview, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Haskell A. Holloman, Asst. Atty. Gen., for defendant in error.

BRETT, J. A. E. Brewer was charged, tried and convicted in the district court of Major county, Okla. of the crime of assault with a dangerous weapon, on Irvin Lantz in Fairview, Okla. The jury fixed his punishment at one (1) year in the county jail. From the judgment and sentence based thereon, and the court's action in overruling the defendant's motion for a new trial, he appeals.

Numerous assignments of error are set forth, but only two are urged. The defendant's first proposition is that the court erred in giving instruction No. 7. He argues this proposition in three contentions, based on instruction No. 7, as follows, to wit:

"You are instructed that before the Defendant would be justified in striking the prosecuting witness, it must appear that at the time and place of the difficulty the prosecuting witness did some overt act indicating an intent upon his part then and there to injure the defendant or to do him great bodily harm; and if you find from the evidence that at the time of the altercation the prosecuting witness, Lantz, did no overt act at or toward the defendant which caused the defendant to believe that the prosecuting witness then and there intended to and was about to make an assault upon him and was intending to and was about to take his life or cause him great bodily harm, then and in such event the plea of self defense would not be available to the defendant in this case.

"On the other hand, if you find from the evidence that at the time and place where the altercation occurred, the prosecuting witness, Lantz, did some overt act indicating an intent upon his part then and there to assault the defendant and kill or do him some great bodily harm, and that the defendant, from the standpoint of the defendant, had reasonable grounds to believe and apprehend danger at the hands of the defendant, and that the defendant struck the prosecuting witness under the appre-

hension of the presence of danger or death or great bodily harm to himself, then, and under such circumstances the plea of self defense would be available to the defendant, and under such circumstances, you should acquit him."

The defendant's first contention under proposition No. 1 is that instruction No. 7 places the burden on the defendant, in that it fails to instruct that the burden is on the state to prove the defendant guilty, beyond a reasonable doubt. Second: It fails to instruct on the defendant's theory of self-defense. Third: It intimates that a conviction is expected to be returned.

As to the instruction No. 7 placing the burden of proof on the defendant, in view of instruction No. 2, this contention is without merit. Instruction No. 2 reads as follows, to wit:

"You are instructed that to this information the defendant has entered his plea of not guilty, which plea puts in issue every material allegation set forth in the information, and places upon the State of Oklahoma the burden of proving the allegations of the information, and all the material part thereof, by competent evidence to your satisfaction, beyond a reasonable doubt; and you are instructed that there is no presumption in this case against the defendant; that he is presumed to be innocent of the charge laid in the information until the same is proven to your satisfaction beyond a reasonable doubt and that such presumption of innocence rests and remains with the defendant throughout the trial, until it is overcome by competent evidence to your satisfaction, beyond a reasonable doubt, and that such burden of proof never shifts from the state, and the defendant is never required to prove his innocence nor to establish any fact tending to show the same."

Instruction No. 7, in our opinion, constitutes a substantial statement of the law of self-defense, as applied to this case. We cannot follow the defendant's conten-

238

tion that it places the burden of proof on him. While instruction No. 7 makes no statement that proof of guilt must be beyond reasonable doubt, such omission, in light of instruction No. 2, is not reversible error. In a criminal case, the court must instruct the jury on the rule of reasonable doubt, but in so instructing, the court is not obligated to repeat over and over the words, "beyond a reasonable doubt," where from the instructions as a whole it is apparent to the jury that every material issue must be established beyond a reasonable doubt, Adams v. State, 62 Okla. Cr. 167, 70 P. 2d 821, 826, wherein this court quoted from Edwards v. State, 24 Okla. Cr. 169, 216 P. 947, at page 948:

" 'Particular emphasis is placed on objections to the language used in instruction No. 17, because of an omission to use, at two or three places in the instruction, the words, "beyond a reasonable doubt." The question of reasonable doubt was clearly treated and stressed in other instructions, and an instruction will not be held erroneous for a failure to repeat and reiterate, over and over again, the term "beyond a reasonable doubt" when it appears that in that and other paragraphs of the instructions the court has made it clear to the jury that every issue of fact raised must be proved beyond a reasonable doubt. Davis v. State, 16 Okla. Cr. 377, 182 P. 909; Seigler v. State, 11 Okla. Cr. 131, 145 P. 308; Nutt v. State, 8 Okla. Cr. 266, 128 P. (165) 168; Spencer v. State, 5 Okla. Cr. 7, 113 P. 224; Cole v. State, 18 Okla. Cr. 430, 195 P. 901.'

"In the case of Cole v. State, the last case cited above, the court says: 'The principle of reasonable doubt at this late day is so firmly intrenched in the criminal jurisprudence of this country, and is so well known by jurors generally, as certainly not to require constant repetition of the rule in every paragraph of the charge, * * *.' "

Watson v. State, 28 Okla. Cr. 244, 230 P. 521, cited by the defendant, does not support his contention in this regard for it specifically holds:

"It is not necessary to repeat over and over, in every instruction, that each issue must be established beyond a reasonable doubt, where from the instructions as a whole it is made clear that every issue must be so established; but the trial court should so frame his instructions that the jury will understand that the question of reasonable doubt applies to every material issue in the case."

No other interpretation can be placed on instruction No. 2 than that every issue raised against the defendant must be established beyond a reasonable doubt. The phrase "beyond a reasonable doubt" was repeated in other of the court's instructions in addition to its treatment of reasonable doubt in instruction No. 2, and it clearly appears from the instructions as a whole that every issue was required to be so established. We therefore are of the opinion that the defendant's contention in regard to the court's instruction No. 7 is without merit.

In this connection, his second contention covering instruction No. 7, that this instruction failed to instruct on the defendant's theory of self-defense, must be read in light of instruction No. 6, which reads as follows, to wit:

"You are instructed that one of the defenses of the defendant herein is that of self defense. In this connection you are told that if a person is assaulted by another in such a way as to induce him to a reasonable belief that he is in danger of losing his life or suffering great bodily harm, he will be justified in defending himself, even though the danger is not real, but only apparent. Such person will not be responsible criminally if he acts in self defense from real and honest convictions as to the character of the danger induced by reasonable appearance,

although he may be mistaken as to the extent of the actual danger. A person need not be in actual imminent peril to his life or of great bodily harm before he may injure or slay his assailant. It is sufficient if in good faith he has reason to believe from all the facts and circumstances as they appeared to him at the time he is in imminent peril."

It is apparent from even a casual examination of instructions Nos. 6 and 7 that the theory of self-defense of the defendant was clearly before the jury and that his second contention under proposition 1 is without merit. When viewed in light of the defendant's own testimony, we are of the opinion that the defendant was not entitled to an instruction on self-defense. A part of his testimony is as follows, to wit:

"Q. Mr. Lantz, you say, came around the car and started toward you? A. Yes, sir. Q. How far around the car did he get? A. He got to the southwest corner of it about the hind wheel on the west side of the car. That is when he saw me get the club and he started away and he started to run. Q. Which way did he run? A. Around the car the same way he came. Q. Now, Mr. Brewer, when you picked up this club, you say on the sidewalk, you started after Mr. Lantz didn't you? A. Yes, I did. Q. When he broke and run, you say? A. Yes sir. Q. Ran back around the car? A. Yes, sir. Q. You hit him where? A. I hit him right about the back end of the car and he ran to the rear of the car and fell on his hands and knees. Q. You say you were afraid you were going to get beat up? A. No, sir. Q. You wasn't afraid of a man running from you to beat you up? A. He was supposed to get me. Q. I will ask you whether or not you were afraid of a man running from you that he would beat you up? You were not a bit scared of him when he was running from you? A. No, sir. Q. But you hit him while he was running from you? A. I hit him as he turned around. Q. You hit him in the back of the head as he

was running from you, didn't you? A. Just as he turned around."

We are unable to see from this testimony where the case presents one involving self-defense. The instructions complained of not only correctly stated the law, but were more than fair to the defendant, under the record.

In the defendant's third contention under proposition No. 1, as to instruction No. 7, that this instruction intimates that a conviction was expected to be returned, we are unable to find in the language complained of any reasonable basis for such contention. We have read and re-read instruction No. 7 and are unable to follow the defendant in this contention and the same is therefore, in our opinion, without merit.

The case cited by the defendant in support of the foregoing contentions, Adair v. State, 15 Okla. Cr. 619, 180 P. 253, does not support his contention that instruction No. 7 places the burden on the defendant of proving his innocence and intimates to the jury that a conviction was expected to be returned. The Adair case presented a situation wherein the trial court clearly invaded the province of the jury. Neither is Freeman v. State, 65 Okla. Cr. 40, 82 P. 2d 1072, in point on this contention, because that, too, was a case where the court clearly invaded the province of the jury. No such situation is presented here by instruction No. 7. The defendant's first proposition in relation to instruction No. 7 therefore is wholly without merit.

The second proposition the defendant urges is directed at instruction No. 7½, which reads as follows, to wit:

"You are further instructed that the term "overt act" as used in these instructions means something more than the mere use of words, or language, on the part of

the prosecuting witness, and that before the plea of self-defense is available to the defendant, it must appear that the prosecuting witness did more than to use insulting or threatening language toward the defendant."

The defendant contends that this instruction is erroneous likewise for the reason that no restatement is made of the phrase "beyond a reasonable doubt." He says it is erroneous for the same reasons that he advanced concerning instruction No. 7. What we have heretofore said concerning instruction No. 7 and the court's failure to repeat and repeat the phrase "beyond a reasonable doubt," applies with equal force as to instruction No. 7½. It is therefore unnecessary to consider instruction No. 7½, on that ground, any further.

The defendant further complaining, says that when considered in connection with the evidence in the case, instruction No. 7½ does not constitute a definition of an overt act. The defendant made no request for a more specific definition of the term "overt act." In this connection, the evidence in the case at bar discloses the following state of facts testified to by the defendant himself, on cross-examination:

"Q. Why didn't you start your car and drive it away? A. Because I wasn't going to take a 'son-of-a-bitch' off of any man. I wouldn't do it and never will. Q. When he called you a son-of-a-bitch you made up your mind you were going to knock him in the head with the club, and that is the reason you got into it with him, is that right? A. I told you awhile ago it was. Q. And that is what caused you to pick up the club and take after him, isn't that right? A. I answered that once."

From the evidence, it is therefore indisputably clear that the defendant was not afraid of bodily harm at the hands of Lantz. He determined he would not take the in-

sult of being called the bad name. Under the evidence, his attack on Lantz was unjustifiable by his own testimony. Under the law, his attack was likewise unjustifiable and instruction No. 7½ was not erroneous but entirely proper. Violent and opprobrious epithets and verbal insults towards the defendant, however aggravating and contemptible, do not constitute justification for an assault. In substance, the effect of the court's instruction No. 7½ was to so inform the jury. Harrison v. State, 18 Okla. Cr. 403-408, 195 P. 511; Burchett v. State, 22 Okla. Cr. 81, 209 P. 970. It was a definition in terms of the law, as applied to the facts, as to what was not an overt act. While it might have been couched in terms of technical definition, when applied to the facts in this case, it could not have been more positive or accurate. It was certainly not misleading to the jury, and, therefore not erroneous. It properly concluded the court's instructions on the defendant's theory of self-defense. The instructions complained of in this regard were more than fair since the record wholly fails to make out a case of self-defense, even when measured by the defendant's own testimony. The defendant's second proposition is, likewise, without merit. The judgment and sentence of the lower court is therefore accordingly affirmed.

BAREFOOT, P. J., and JONES, J., concur.