# CLARENCE FOLEY v. STATE.

No. A-4890. Opinion Filed Oct. 17, 1925.
(239 Pac. 935.)

A. M. Stewart and Wm. M. Williams, for plaintiffs in error.

EDWARDS, J. From a conviction in the county court of Harmon county on a charge of selling whisky the plaintiff in error, hereinafter called defendant, has appealed. Two assignments of error are argued in the brief: First, that the evidence is insufficient to sustain the verdict; second, error in the instructions of the court.

An examination of the record discloses the following evidence on the part of the state: That one Ramsey and one Robbins went in an automobile to the residence of the defendant, and that the defendant there got in the car, went east, and soon came back, and there was a quart of whisky in the front of the car. There was none there when he received the car. Ramsey testifies that he gave some money to Robbins, and Robbins testifies that

he paid the defendant $4 for the whisky. The defendant denied that either of the witnesses was at his place, and that he sold no whisky or placed any in the car. There was a direct conflict between the evidence of the state and that of the defendant. The witness Robbins on cross-examination admitted there was a charge for selling the same whisky to Ramsey filed against him. Ramsey admitted there was a charge of transporting the whisky filed against him.

The interest and the credibility of witnesses and the weight and value that will be given their testimony is for the jury. It is for them to say from all the surrounding facts and circumstances, including the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and frankness, or the lack thereof, who is telling the truth, and who should be believed. When they have done this, it is not for this court to weigh the evidence or disturb the verdict of the jury, where the evidence, although conflicting, reasonably sustains the verdict.

Upon the second assignment that the court erred in his instructions to the jury complaint is made that the court informed the jury that, if they found from the evidence that the defendant did sell intoxicating liquors to the said Robbins, as alleged in the information, then and in that event they should find the defendant guilty, and did not embody in such instruction that they should find the sale beyond a reasonable doubt. This instruction standing alone would be error, but in the following instruction the jury are told that, if they find that the defendant did not make the sale, or if they had a reasonable doubt thereof, then they should find the defendant not guilty, and are further instructed that the defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable

doubt, and that the burden is on the state to prove his guilt beyond a reasonable doubt, and, if a reasonable doubt exists in the minds of the jury as to the guilt of the defendant, they should acquit.

These instructions considered together correctly advise the jury that in order to convict the defendant they must find his guilt beyond a reasonable doubt, and, if they have a reasonable doubt of his guilt, they must acquit. It is fundamental that the instructions must be considered as a whole, and, when considered together, if they correctly and fairly state the law, they are sufficient. Davis v. State, 16 Okla. Cr. 377, 182 P. 909; Gunter et al. v. State, 16 Okla. Cr. 476, 184 P. 797.

Upon a consideration of the record we find no reversible error, and the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.