Robert Edward **GRAVENMIER**,
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21901.

United States Court of Appeals
Ninth Circuit.

Aug. 7, 1968.

Byron N. Wells (argued), San Jose, Cal., for appellant.

Dennis E. Kinnaird (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and *WEIGEL, District Judge.

BARNES, Circuit Judge:

Appellant was charged in two counts with armed bank robbery (18 U.S.C. § 2113(a)) involving two federally insured institutions in Los Angeles County, California; one, the Home Savings & Loan Association of Los Angeles on December 21, 1966, between 3:50 P.M. and 4:30 P.M.; and the second, the Crocker-Citizens National Bank on January 20, 1967, about 5:00 P.M.

Appellant was indicted on February 15, 1967. He was arraigned on February 20, 1967, at which time counsel was appointed to represent him, and on February 21, 1967 his trial was set for March 21, 1967.

On the trial date an oral motion for a continuance was made by his counsel, upon the ground that he had been unable to locate unnamed individuals who might be "alibi" witnesses. Counsel and the appellant's wife had been requested to locate one Don .......... Appellant's counsel, as a matter of trial strategy, had felt it best to keep the names of possible alibi witnesses confidential, and not have the United States Attorney or the United States Marshal's office aid him in locating them or subpoenaing them. No request for the use of compulsory process was ever made. No knowledge of the names or whereabouts of the alleged witnesses was available at the time of the

* Hon. Stanley A. Weigel, United States District Judge, Northern District, San Francisco, California.

motion for continuance, save the first name of one: Don.

Asked what assurance the court had the witnesses would ever be located, counsel for appellant replied that one "witness" had promised appellant's wife to come to counsel's office, but had failed to do so. Thus there was no representation as to what any alleged alibi witness could or would testify to, or that they would be called as witnesses by the appellant. On this showing, the motion for continuance on the day of trial was denied.

At the trial, the only witness for the defendant was his wife, Jerri Gravenmier. If her testimony was believed, she established an alibi as to the possibility of appellant's presence at the scene of the December 21, 1966 robbery. She testified she telephoned him at the Cozy Inn, a cocktail lounge, around 2:00 P.M. and arrived there, to be with appellant at all times, (along with one "Don ......" and others, including "Benny ......," the bartender) from 3:30 P.M. to 4:00 P.M. on December 21, 1966. She further testified she and her husband went home, and were there together until 5:30 P.M. on that date. Mrs. Gravenmier had not located but had seen Don once, and had discussed her husband's matter with him, but did not know his last name. She did not talk to Benny, the bartender, or make any attempt to locate him. Mrs. Gravenmier, however, furnished no alibi for January 20, 1967. She stated she could not testify with respect to the events of January 20, 1967 (R.T. 249). She could not account for the whereabouts of her husband or herself on that day. (R.T. 250.) She was not asked about anyone else who might have established an alibi for the armed robbery of January 20, 1967.

The jury disagreed as to appellant's guilt of the December 21, 1966 robbery, but convicted appellant of the January 20, 1967 robbery.

Two questions are presented:

## I.

Was there an abuse of the trial court's discretion in denying a continuance for the purpose of allowing appellant to locate witnesses "whose identity was questionable," and where there was "no showing they were, or ever would be, available"?

Our conclusion is that there was no abuse of discretion. The denial of a motion to take a competent and material witness' deposition five days before trial was held to be no abuse of discretion in Heflin v. United States, 223 F.2d 371 (5th Cir. 1955), rev'd on other grounds, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), and the denial of a motion for a continuance was no abuse of discretion when no showing was made as to how soon the witness' deposition could be taken (223 F.2d at 375). No adequate showing of the nature of the testimony sought, or its materiality, particularly with respect to the January 20, 1967 crime, was made. Sanchez v. United States, 311 F.2d 327, 336 (9th Cir. 1962).

## II.

Was appellant deprived of effective representation by counsel?

Appellant urges this is so for four reasons: (a) there was no personal contact by counsel with witnesses; (b) there was no personal investigation of the case by defendant's counsel; (c) there was no use of the United States Marshal's office to locate witnesses; and (d) there was no written motion for a continuance prepared with affidavits to support the motion.

It is necessary to read the entire transcript on appeal to properly evaluate these contentions.

The obvious answer to all these positions is that there is no proof in the record before us that any alibi witnesses existed for the crime of which appellant here stands convicted. There was nobody to investigate; no one to subpoena; no use of compulsory process was asked for or denied; and no facts known to any-

one which could have been placed in an affidavit, to support a motion for a continuance.[1] Defense counsel is not required to manufacture defenses if none exist.

This case is entirely dissimilar in its facts from those existing in Brubaker v. Dickson, 310 F.2d 30, 38 (9th Cir. 1962). Here, as a primary example, there was a complete lack of "obvious" witnesses who could have been called by the defense.

We find nothing in the record to render appellant's defense in the trial court fundamentally unfair to him. His attorney did well with what he had at hand. His attack of the identification witnesses on both counts was persistent, able and legally knowledgeable. We find no error, and we affirm.

---

1. Appellant's present counsel recognized this deficiency, and attached to his brief as an appendix certain self-serving statements made by the appellant *after* trial and sentence. At oral argument defense counsel admitted the motion of the government to strike such appendix was well taken. We agree, and the motion to strike is granted.