**UNITED STATES of America,**
**Plaintiff,**

**v.**

**June Heyward STEPHENS, Jr., Gene Rigdon, Johnnie D. McElrath, and Johnny P. Washam, Defendants.**

**Crim. No. 70–130.**

United States District Court,
W. D. Oklahoma.

June 11, 1970.

William R. Burkett, U. S. Atty., and Jeff Laird, Asst. U. S. Atty., W. D. Oklahoma, for plaintiff.

John Beaven, Oklahoma City, Okl., for defendants Stephens, Washam and McElrath.

## ORDER

DAUGHERTY, District Judge.

The Defendants have filed various motions herein which will be disposed of individually below.

1. Motion to Dismiss (filed pro se). Defendants urge dismissal on the ground that the grand jury was not selected, drawn or summoned in accordance with the law. No factual allegations are offered to support this claim, and Defendants assert only that because they have not been able to obtain a list of the grand jury, they cannot ascertain if the grand jury represented a cross section of the community. For two reasons this challenge may not be permitted. 28 U.S.C.A. § 1867(a) provides that challenge must be made before voir dire examination of the grand jury or within seven days after a defendant has discovered grounds for challenge in the exercise of diligence, whichever event is earlier. The grand jury voir dire examination occurred long prior to Defendants' challenge. Defendants allege no discovery of grounds for challenge. The challenge is not timely. Next, 28 U.S.C.A. § 1867(d) requires that a challenge be supported by a sworn statement of facts. No such statement accompanies Defendants' challenge. 28 U.S.C.A. § 1867(e) provides that the procedures therein set out are the exclusive procedures for challenge. Therefore, Defendants have no standing to challenge the constitution of the grand jury. Defendants' Motion to Dismiss, filed pro se, is overruled.

2. Motion to Dismiss (filed by counsel). Counsel for Defendants presents

as grounds for dismissal insufficiency or vagueness of the Indictment, double jeopardy, and other matters which will be presently discussed.

▮▮ The Indictment is composed of four Counts. Defendant Stephens is charged in all four Counts. Defendants Rigdon, McElrath and Washam are charged jointly with Stephens in Counts 2, 3 and 4, respectively. The basis of the charges is that they wilfully and knowingly made and used false statements before an agency of the United States, in violation of 18 U.S.C.A. § 1001. Each Count alleges facts stating the essential elements of this crime.[1] The allegedly false statement is charged to have been made before the United States District Court for the Western District of Oklahoma, which court is within the definition of an agency or department of the United States. United States v. Bramblett, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955). The Indictment is neither insufficient nor vague. An exception to the scope of 18 U.S.C.A. § 1001 has been drawn by the Sixth Circuit in United States v. Erhardt, 381 F.2d 173 (Sixth Cir. 1967), which held that it did not apply to the introduction of false documents in criminal proceedings. Counsel for Defendants relies heavily on this case and also on language in Morgan v. United States, 114 U.S.App.D.C. 13, 309 F.2d 234 (1962), indicating that 18 U.S.C.A. § 1001 was intended to cover only the "housekeeping" functions of the court as opposed to its judicial actions.

▮ What seems to concern these courts is that there is no "two witness" limitation on a prosecution under 18 U.S.C.A. § 1001 as there is in cases involving perjury. However, the perjury cases are readily distinguishable from a § 1001 false statement case.[2] Congress has created a new crime different from that of perjury, and it is within the undoubted competence of Congress to define crimes within the limits of the Constitution. Moreover, the statements given by Defendants herein were given in a civil action to vacate a judgment and sentence in a criminal case, and were not given in the trial of the criminal case against Stephens. It would, thus, seem to fall outside the "criminal tactics" exception carved out by the Morgan case, supra. But even if it does not, the crime here charged is not the same as the crime of perjury and there is no need to apply the common law rules of evidence applicable peculiarly to perjury trials.

▮ Defendants all contend that Counts 2, 3 and 4 are duplicitous because they allege both a making and a using of the false statements. They also contend that this manner of charging them with a crime amounts to double jeopardy. There is no merit in either contention. Where a criminal statute describes more than one way in which it may be violated, an indictment charging that the crime was committed in several or all of these ways is not duplicitous. United States v. Crummer, 151 F.2d 958 (Tenth Cir. 1945), cert. denied 327 U.S. 785, 66 S.Ct. 794, 90 L.Ed. 1012. The same considerations should apply to Defendants' contention of double jeopardy, but

---

1. See United States v. Adler, 380 F.2d 917 (Second Cir. 1967), cert. denied 389 U.S. 1006, 88 S.Ct. 561, 19 L.Ed.2d 602. This case stated the essential elements to be (1) that the statement described in the indictment was made by the defendant before a governmental agency, (2) that the statement was false, (3) that the defendant made the statement wilfully and knowingly, and, (4) that the statement was made in a matter within the jurisdiction of the governmental agency. The case indicates that this last element is a question of law rather than fact.

2. A perjured statement, to be the subject of a criminal conviction, must be given under oath and before a competent tribunal, among other things. 18 U.S.C.A. § 1621. A statement prosecutable under 18 U.S.C.A. § 1001 need not be given before a tribunal, need not be given under oath, may involve the use of a false statement as well as the making of one, and the prosecution is not required to prove that the maker did not believe the statement to be true.

as Defendants have not seen fit to brief the question, the Court will not further discuss it. Defendants' Motion to Dismiss, filed by Defendants' counsel, is overruled.

3. Motions to Sever. Defendants Stephens, McElrath and Washam have moved for separate trials, alleging prejudicial joinder. Plaintiff resists severance for the reason that there is only one transaction in the case in which all four Defendants participated. Defendant Stephens sought to have his judgment and sentence vacated on affidavits, all here claimed to be false, which he and his co-defendants made and used. Severance is a matter of discretion with the Court. Defendants claim that they will be unable to call each other as witnesses, and that evidence introduced by each of them may be inadmissible in the event of a separate trial, and vice versa. However, Defendants do not state what evidence they would give if called as witnesses, or what evidence would be inadmissible or admissible in a separate trial. There are no allegations of confessions. Their allegations are mere conclusions and not sufficient to cause the Court to exercise its discretion. There has been no showing of prejudice from the joinder. Defendants' Motions to Sever are overruled.

4. Motion for Writ of Habeas Corpus. Defendant Stephens has filed this pro se document and appears to speak for all of the Defendants even though he alone signed the same. He claims that this Court illegally acquired jurisdiction of them because there was no compliance with Rule 40, F.R.Crim.P., 18 U.S.C.A. This Rule does not apply to persons already in the custody of the United States. Such persons may be transferred from the district of detention to the district of trial by writ of habeas corpus ad prosequendum, as was done in the case of Stephens, McElrath and Washam. Bandy v. United States, 408 F.2d 518 (Eighth Cir. 1969). This Motion is overruled.

5. Letter of Defendants Stephens, Washam and McElrath requesting dismissal of their court appointed counsel. Their claim is that their court appointed counsel is not interested in this case and is not prosecuting their defense with due diligence. Defendants must show good cause in connection with their letter, taking the same as a Motion to Dismiss Court Appointed Counsel. United States v. Burkeen, 355 F.2d 241 (Sixth Cir. 1966), cert. denied 384 U.S. 957, 86 S.Ct. 1582, 16 L.Ed.2d 553. See McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791 (1965). Finally, there is nothing in the files and records of the case at this time to indicate that counsel has been ineffective to preserve Defendants' rights, if any. See Gravenmeir v. United States, 399 F.2d 677 (Ninth Cir. 1968). Various motions have been prepared and filed by court appointed counsel and it appears from them that he has a complete understanding of the case and is assuming the defense of Defendants' interests with the vigor to be expected of him. Defendants' Motion is overruled.

6. Motion to Require the Furnishing of Investigative Reports. Defendants are not permitted these reports prior to trial. Rule 16(b), F.R.Crim.P., 18 U.S.C.A.; 18 U.S.C.A. § 3500. Defendants' Motion is overruled.

7. Motion to Inspect Grand Jury Minutes. Plaintiff advises that there are no records of the grand jury. Defendants' Motion is overruled.

8. Motion for the Appointment of an Investigator (filed pro se by Defendant Stephens). The Court will not rule on this Motion at this time, but will hear the same in open court in accordance with Christian v. United States, 398 F. 2d 517 (Tenth Cir. 1968).

9. Motions for Determination of Defendants' Mental Competency. Counsel for Defendants Stephens and McElrath has presented these Motions, suggesting doubt as to the mental competency of these Defendants. The Court will not rule on these Motions at this time, but will hear same in open court.