Leroy DAVIS et al., Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16160.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Larry L. French, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Leroy Davis, Charles Herman Wyatt, and Perry Earl Harding, hereinafter referred to as defendant Davis, defendant Wyatt, and defendant Harding, were charged, tried, and convicted in the District Court of Oklahoma County for the offense of Robbery with Firearms. Their punishment was fixed at 99 years imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on March 22, 1970, the Hillcrest Pharmacy, located on South Western Street in Oklahoma City, Oklahoma, was held up and robbed by two Negro male persons at approximately 12:45 p. m.

Michael Lee Hanson testified that he was the pharmacist on duty at the store, and that two persons identified by him in court as defendant Wyatt and defendant Davis, and the latter displayed a pistol, demanding money, and Class A narcotics. Hanson opened the register and put the box of narcotics on the counter. Defendant Davis took the money, between $200.00 and $300.00, then put Hanson in a rear office, and had him pull the telephone from the wall. Hanson identified a box of narcotics as State's Exhibit One. He testified the same pair had been in the store earlier, around 9:00 a. m.

Officer Bliss testified that he was patrolling the area that day, and received a radio call about 12:48 p. m. He proceeded to Seventy-Fourth Street Bypass at Western Avenue, and observed a green Volkswagon, occupied by three Negro males going south. He took pursuit, and intercepted the car at Eighty-Ninth Street. On searching the occupants, he found $226.00 in defendant Wyatt's right rear pocket, and three rolls of coins in defendant Davis's rear pocket. From outside the car, he was able to see a box containing what appeared to be bottles of medicine.

Defendant Harding was the driver and defendant Davis was in the rear seat, the third person being defendant Wyatt in the right front seat.

Officer Rose testified that he joined Officer Bliss in the pursuit and interception of defendants; he testified substantially as

did Bliss, and, in addition, he observed a .25 caliber automatic on the rear floor board of the car, together with a cardboard box, containing bottles. He testified that the occupant of the rear seat was very slouchily dressed, and his eyes were very bloodshot, and he appeared to be under the influence of something other than alcohol.

Officer Bohan testified that he arrived at the arrest scene, and with Officer Owen, transported the defendant Davis to the police station. While en route, Owen advised defendant Davis of his Miranda rights; Davis indicated that he understood his rights, and wanted to make a statement. He "admitted that he pulled the robbery." (Tr. 109)

Officer Harrison testified that on the same afternoon, he and Officer Delaughter interviewed defendant Wyatt, and after advising him of his rights against self-incrimination, Wyatt indicated that he wanted to make a statement. He admitted that he and defendant Davis robbed the pharmacy, and that the idea to rob the store was that of defendant Harding, who was waiting outside in the car.

Defendant Davis testified that he was a narcotic addict, and needed a fix. He was with Wyatt and Harding that morning, and they went to Hillcrest Pharmacy about 9:00 a. m., telling the others merely that he wanted to get a prescription filled. He and defendant went inside, but bought only cigarettes and left. They returned about noon, after Davis bought Harding some gas for his car, and defendant Davis again said that he only wanted a prescription filled. He admitted the robbery substantially as related by witness Hanson. At the sight of the gun, Wyatt panicked, and Davis said "Man, go ahead out of here." Wyatt ran out, and when Davis came out shortly afterward, the other two were in the car, apparently trying to leave without him. He put the money in the glove box, and they left. He had never discussed the plan to rob the store with either defendant Wyatt or defendant Harding. After they were intercepted, one of the police officers took the money from the glove box, and stuffed it in Wyatt's rear pocket.

Defendant Harding testified that the Volkswagon and the gun in the glove box belonged to him. He and defendant Wyatt went to defendant Davis's house that morning, and defendant Davis asked if he would drive him to get a prescription filled. Harding drove them to the pharmacy in the morning, and the other two men went in and returned shortly, Davis saying he could not get it filled. Later, defendant Davis prevailed on him to drive them back again, and defendant Davis and defendant Wyatt entered. In about two minutes, defendant Wyatt ran out and said, "That fool's in there robbing the place." Then defendant Harding tried to start his car and leave before defendant Davis came out. Defendant Davis, however, was able to get in the car, and they left. At the arrest, an officer took the money from the glove box, and put it in defendant Wyatt's pocket. He denied having any conversation with Davis about a robbery, or knowing one was planned.

The first proposition asserts that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a strong conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

Defendant's next two propositions assert that the punishment is excessive. Because of the ultimate conclusion, we do not deem it necessary to discuss these propositions at this time.

■ Defendants' final proposition alleges that accusatory hearsay was improperly admitted as to defendant Harding and defendant Wyatt. We observe that both the statements of defendant Wyatt as told

to Officer Harrison relating to defendant Harding, and that told by defendant Davis to Officer Harrison relating to defendant Wyatt, were admitted into evidence without objection from the defendant. It is the general rule of law that objections must be made in a timely manner, and failure to so object constitutes waiver, and the defense thereby cannot be heard to later complain. Defendant further asserts under this proposition that the trial court failed to instruct the jury that Wyatt's statement could be considered only against Wyatt, and that Davis's statement could be considered only as to Davis, although such instruction was not requested by defendant.

█ We are of the opinion that this contention is well taken; the trial court should have instructed the jury as to the limitations of the admissibility of the accusatory hearsay statements.

We conclude that justice would best be served by modifying the judgments and sentences of defendants Wyatt and Harding from a term of 99 years to a term of 45 years imprisonment, and as so modified, are affirmed. Judgment and sentence of defendant Davis is affirmed.

BRETT and NIX, JJ., concur.