**George GRIMMETT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17757.**

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

Scoufos & Montgomery, Sallisaw, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, George Grimmett, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Cherokee County for the offense of Driving While Under the Influence of Intoxicating Liquor. His punishment was fixed at one hundred twenty (120) days in the County Jail and a fine of One Hundred Dollars ($100.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite a de-

tailed statement of facts. Officer Summers testified that he observed the defendant driving a vehicle which failed to stop at a stop sign in Tahlequah. He took pursuit, turning on his red light and siren. Officers Shedd and Pinson attempted to block the road and the defendant drove around their vehicle. A second road block was set up by Chief Bolding and Deputy Sheriff Copeland which the defendant again drove around. The officers followed the defendant several miles into the country and he finally stopped after Chief Bolding fired a warning shot into the air. After the defendant was removed from the vehicle, he resisted arrest and Bolding struck him twice with his open hand to subdue him. The defendant was handcuffed and placed in a police unit. As he was getting into the police car, the defendant fell and cut his head. He was described by the witnesses as being "drunk". He agreed to take a breathalizer test which registered twenty-two one-hundredths of one percent.

For the defense, Robert Sequichie and Don Chuculate testified they were passengers in the defendant's vehicle. They testified that they all had been drinking beer. They both testified that after the defendant stopped the vehicle, he did not resist arrest. The defendant was handcuffed and then Chief Bolding struck him with his pistol and kicked him.

The defendant testified that he drank two or three beers before he and his ex-wife picked up Sequichie and Chuculate. They subsequently purchased two quarts and a six-pack of beer, which was consumed by all of them. He testified that after he was stopped, he got out of the car and was handcuffed. Chief Bolding jumped out of his car and ran up with a gun in his hand. Bolding slapped him twice, with a gun in his hand the last time he hit him.

On cross-examination, he testified that he ran the road blocks because he knew he would be charged with DWI. He testified that he was "just medium drunk". (Tr. 92)

The sole proposition asserts that "the punishment fixed by the jury and trial Court is excessive under the evidence presented in the trial Court and was based on passion and prejudice which resulted from the inflammation of the minds of the jurors due to error of the trial Court in the general conduct of the trial."

The defendant argues that the court improperly permitted the prosecuting attorney to inquire of the defendant and his witnesses, on cross-examination, concerning prior misdemeanor charges. The record reflects that the defendant did not object to any of the alleged improper questions. In Davis v. State, Okl.Cr., 488 P.2d 932, we stated:

"* * * It is the general rule of law that objections must be made in a timely manner, and failure to so object constitutes waiver, and the defense thereby cannot be heard to later complain. * *"

We further observe that Witness Sequichie admitted prior convictions for DWI and Public Drunkenness and Witness Chuculate admitted conviction for Public Drunkenness. The defendant admitted seven or eight convictions for Public Drunkenness and one conviction for Resisting Arrest. We are of the opinion that the testimony of the convictions was properly admitted as tending to affect the credibility of the defendant and his witnesses. See Kennedy v. State, Okl.Cr., 443 P.2d 127.

Under all the facts and circumstances of the case, we cannot conclude that the punishment assessed by the jury is excessive. The record, however, reflects that the defendant is indigent. Therefore, in the interest of justice, the judgment and sentence is modified to a term of one hundred twenty (120) days in the County Jail and as so modified, is affirmed. Modified and affirmed.

BLISS and BRETT, JJ., concur.