**Larry Wayne JOHNSTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-76-465.**

Court of Criminal Appeals of Oklahoma.

Oct. 12, 1976.

Peter Clinton Moore, Norman, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Larry Wayne Johnston, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRF–75–528, for the offense of Escape From Penitentiary. From a jury sentence of two (2) years the defendant perfects this appeal.

The State's evidence disclosed that prior to September 30, 1975, defendant was incarcerated in the Lexington Community Treatment Center, pursuant to a conviction of assault with a dangerous weapon with intent to injure. On that day defendant was working for Neway Crating as part of

a work release program. Defendant left that job the afternoon of the 30th without authorization, was subsequently picked up in Wichita, Kansas, and returned to Cleveland County.

The evidence of the defendant displayed that he did not have much money on September 30, 1975, due to Neway Crating's pay schedule. Defendant himself testified, against advice of his counsel, that while on break he left the work project with an unidentified female. This departure was without any intent, or "forethought to escape," rather "it was just something that happened."

■ Defendant's initial assignment of error is that the trial court failed to provide competent counsel for defendant, such incompetence resulting from the repeated attempts of the defendant and his attorney to have new counsel appointed. Obviously, a defendant in a criminal proceeding has the right to competent and effective counsel but this right does not require that the court supply defendant with any counsel he may choose. It is the defendant's burden to establish good cause for appointing new counsel and absent such a showing it will be denied. *United States v. Stephens,* 315 F.Supp. 1008 (W.D.Okl.1970); *Thompson v. State,* Okl.Cr., 462 P.2d 299 (1969). Defendant makes no such showing. The proceedings were not a farce or a mockery of justice, hence defendant's claim of incompetence will not be accepted. *Barnett v. State,* Okl.Cr., 446 P.2d 89 (1968).

■ Secondly, defendant assigns as error the admission into evidence of State's Exhibit No. 1. We would first point out that defendant did not object to the introduction of this exhibit at trial on the basis that he now asserts. Failure to make a timely objection to the introduction of evidence waives any error. *Davis v. State,* Okl.Cr., 488 P.2d 932 (1971); *Ryder v. State,* Okl.Cr., 513 P.2d 593 (1973). Assuming arguendo, the existence of a timely objection, the contention still faces rejection. Defendant asserts that the State

failed to lay a sufficient foundation for the introduction of a certified copy of the judgment and sentence as required by 12 O.S.1971, § 486. The statute calls for the party desiring to introduce a certified copy to show that the original is not in his possession. The resolution of this alleged error comes from the Rules of this Court, Rule 2.8(e), which allows the District Courts to formulate their own policies as to the accessibility of original records. In accordance with this rule it is Payne County's policy to retain the original records and disseminate only certified copies. This rule modifies 12 O.S.1971, § 486 to the extent of allowing a court to take judicial notice of the District Attorney's inability to produce the original records. It follows that the introduction of a certified copy of judgment and sentence is not error when the original is not available under the policies of the District Court.

■ The defendant contends in his third assignment of error that the trial court's instructions included conclusions of fact, and that Instruction No. 2 was erroneous. As to the conclusion of fact we hold, as we have previously held, that instructions are to be viewed as a whole, and extracts from those instructions cannot stand alone. *Foley v. State,* 32 Okl.Cr. 51, 239 P. 935 (1925). A fair reading of the trial court's statements does not show that the jury was directed to find the existence of any facts, rather they were allowed objectively to decide the issues. Nor, do we find the second instruction erroneous. It sufficiently relates the elements of 21 O.S.1971, § 443, to wit, escape from a State penal institution by one confined therein.

■ Defendant's fourth, seventh, eighth and ninth assignments of error deal with the sufficiency of evidence supporting the conviction. Our response to these arguments is that such assertions are entirely without foundation or merit. The evidence dispelled any reasonable doubt as to defendant's guilt.

The defendant, in his fifth assignment of error, construes 21 O.S.1971, § 443, in such a manner as to make the defendant's sentence erroneous and invalid. The statute declares in part, "Any prisoner in either the State Penitentiary or State Reformatory sentenced thereto who escapes from such prison . . . is punishable by imprisonment in such prison . . ." Defendant asserts that he must be sentenced to the institution from which he escaped, and no other, and that the court erred in sentencing him to the custody of the Department of Corrections. Seemingly, no case law exists on point but it is our construction of the statute that escaping from the custody of the State Corrections Department, which as an entity includes McAlester as well as Lexington and all other institutions within the system, would be punished by a return to such custody. Surely the legislature did not intend for a party who escapes from a minimum security system to be returned to that same minimum security system. Defendant's contention is thusly defeated.

Lastly, defendant assigns as error the trial court's failure to examine, or admonish the already impanelled jurors as to the statements of a potential juror which displayed that party's belief that the defendant was obviously guilty. Defendant contends that he had no way of knowing whether these comments reached the impanelled jurors, or what effect it had on them. This is undoubtedly true, but equally so is the fact that these voir dire examinations were well within the accepted procedures. Additionally, the biased venireman was removed from the jury. In light of the overwhelming evidence of defendant's guilt, we do not view the events as prejudicial.

For the above and foregoing reasons the judgment and sentence appealed from is *AFFIRMED*.

BUSSEY and BLISS, JJ., concur.