

# The Attorney General of Texas

August 14, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Bailey Marshall
The University Interscholastic League
Box 8028 – University Station
Austin, Texas 78712

Opinion No. MW-43

Re: Eligibility of foster children to participate in interscholastic league activities.

Dear Mr. Marshall:

You ask several questions concerning the effect of Senate Bill No. 1218, enacted by the 66th Legislature, on certain rules of the University Interscholastic League (UIL). Senate Bill No. 1218 adds the following subsection to section 21.031 of the Texas Education Code:

> (e) A child placed in foster care by an agency of the state or a political subdivision shall be permitted to attend the public free schools in the district in which the foster parents reside free of any charge to the foster parents or the agency. No durational residence requirement may be used to prohibit such a child from fully participating in any activity sponsored by the school district.

The UIL schedules contests and meets in numerous extracurricular activities for its member public schools. Section 21.031(e) prevents school districts from complying with any UIL rule which imposes a durational residence requirement on participation in school activities under the circumstances it describes.

You ask whether the following UIL eligibility rules are inconsistent with section 21.031(e) of the Texas Education Code:

> Sec. 6. <u>Attendance.</u> — A person who has not been a bona fide regular attendant in the school unit represented for 30 calendar days immediately preceding the contest, or since the first day of the second week of the current school year; i.e., a pupil who enrolls after the first day of the second week, is ineligible to participate in a League contest.

> . . . .

Sec. 13.  Changing Schools. — A pupil changing schools is not eligible in League contests, until he has been in attendance at the school to which he changes for one year if: a) his parents reside outside the school district; or 2) his parents reside outside the school attendance zone in school districts with more than one high school.

. . . .

Sec. 14.  One Year Rule. — A pupil who has represented a high school (other than his present school) in either football or basketball is ineligible, only in the sport or sports (football or basketball) in which he participated, for one calendar year in a school to which he changes.

A pupil who has represented his school in the ninth grade in either football or basketball will be ineligible only in the sport or sports (football or basketball) in the school district to which he changes, until he has been in attendance for one year.

Exception to Section 14: A student who has only one year of eligibility remaining may participate in any new school to which he may change provided:  1) His parents have a bona fide residence within the district to which the student changes; 2) He has a release, signed by the superintendent of the district or by his delegated administrator, and by the principal and coach of the school he previously attended, to the effect that the pupil was not recruited and that no undue influence was exerted upon him or his family; 3) He is approved by the district executive committee of the district to which he is changing. Refusal to release a pupil may be reviewed by the receiving district executive committee and this committee has the authority to declare the pupil eligible if there is no justifiable evidence for denying the release.

Constitution of The University Interscholastic League, art. VIII.

Subsection (e) of section 21.031 relates to the placement of a child with foster parents residing in the school district or school attendance zone.  In our opinion this statute reaches durational residency requirements that take a form other than the straightforward requirement of physical presence in the district for a set time period. Cf. Attorney General Opinion H-1092 (1977) (policy indirectly linking mandatory retirement to attainment of a particular age constitutes mandatory retirement policy).  We believe the statute is designed to apply to students at the time they are placed in a foster home.  Thus a foster child could not be disqualified from participation in interscholastic activities when his placement in the foster home causes him to fail to meet a durational residency requirement.  On the other hand, a foster child who has been with a family for a period of time may be subject to being declared ineligible in the same manner as any other child if the family with whom he has been placed moves to a new district.

Section 6, the attendance rule, renders ineligible for participation in a League contest a person who has not attended the school for 30 calendar days immediately preceding the contest or since the first day of the second week of the school year. A child may attend tuition free the public schools in the district where he resides or where his parent, guardian, or other person having lawful control of him resides. Educ. Code § 21.031(c). Thus, in the usual case, school attendance in a district is based on residence there. In our opinion, the attendance rule constitutes a durational residency requirement when imposed on foster children whose nonattendance in school results from their nonresidence in the district prior to placement with foster parents there. However, it would not constitute a durational residency requirement as applied to foster children who move into a new school district with their foster parents subsequent to placement with them.

Section 13, which provides a one year waiting period for students changing schools if the parents reside outside of the school district or school attendance zone, is clearly a durational residency requirement as applied to foster children who change schools upon placement with foster parents. However, a foster child who changes schools by moving with his foster parents after placement with them would still be subject to section 13.

Section 14 provides a one year period of ineligibility in football or basketball for a student who changes schools after having represented another school in that sport. Like the 30 day attendance rule, this rule imposes a durational residency requirement on a student who changes schools because he has changed his residence. It may not be applied to students who change schools due to placement with foster parents. However, it can be imposed upon students who change schools by moving with their parents after placement.

You also ask whether section 21.031(e) applies to students assigned to foster homes by judges. The statute refers to a "child placed in foster care by an agency of the state or a political subdivision. . . ." In our opinion, "agency of the state" is not confined to administrative agencies in the executive branch of government. Cf. Attorney General Opinion M-1266 (1972) (distinction between "agency of the state" and "state agency"). Words and phrases in a statute are to be construed according to common usage, unless they have acquired a technical or particular meaning. Code Construction Act, V.T.C.S. art. 5429b-2, § 2.01. The dictionary defines "agency" as "a person or thing through which power is exerted or an end is achieved." Webster's Third International Dictionary, at 40. A judge exercises part of the judicial power of the state. Tex. Const. art. V, §§ 1, 7; see Morrow v. Corbin, 62 S.W.2d 641 (Tex. 1933); Kruegel v. Murphy, 126 S.W. 343 (Tex. Civ. App. 1910 writ ref'd). Senator Jones, the sponsor of Senate Bill 1218, stated during the Senate committee hearing on the bill that it applies to a child who was in a particular place not through his own volition but through assignment to a foster home. Tape recording, Senate Committee on Education, public hearing April 11, 1979. We believe the legislature intended "agency of the state" to include all state instrumentalities which assign students to foster homes, including the courts. There is precedent in Texas law and in cases from other jurisdictions for construing "agency of the state" to include a court. The Texas Tort Claims Act includes the following definition:

(1) 'Unit of government' or 'units of government' shall mean the State of Texas and all of the several agencies of government which collectively constitute the government of the State of Texas, specifically including, . . . all . . . courts. . . .

V.T.C.S. art. 6252-19, § 2(1).  See also Amalgamated Meat Cutters and Butcher Workmen of North America, Local No. 427, A.F.L. v. Fairlawn Meats, Inc., 353 U.S. 20 (1957) (state court is state agency within statute on powers of NLRB); U.S. v. Stephens, 315 F. Supp. 1008, 1010 (W.D. Okla. 1970) (court is agency or department of United States within statute prohibiting false statements before such agencies). Cf. Murphy v. Mack, 341 So.2d 1008 (Fla. App. 1977) (sheriff is agency of the state within public employment statute). Section 21.031(e) applies to students assigned to foster homes by a court.

Your final questions are as follows:

Are students assigned by judges from one family home to another family home eligible by these rules?

Are students who are currently living in an orphans home that are assigned to a family home, eligible by these rules?

We believe section 21.031(e) applies at the time of each placement in a foster home, without regard to whether the student previously resided in another foster home, in an orphans home, or with his own family.

## SUMMARY

The enactment of section 21.031(e) of the Education Code prevents the application to students placed in a foster home of three University Interscholastic League rules which impose durational residence requirements on them. Section 21.031(e) applies to students placed in a foster home by a judge. It applies at the time of each placement in a foster home, even when the previous residence was another foster home or an orphans home.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
William G Reid
David Young
Bruce Youngblood