Tony WILLIAMS, a/k/a Anthony Williams, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–357.

Court of Criminal Appeals of Oklahoma.

Aug. 25, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Tony Williams, a/k/a Anthony Williams, was convicted of the crime of First-Degree Robbery With Firearms in the District Court of Comanche County in Case No. CRF-84-420 and was sentenced to ten (10) years' imprisonment, and he appeals.

Between the hour of 2:40 and 2:45 p.m., on August 29, 1984, Bobbie Remington was behind the counter of her Liquor store in Lawton, Oklahoma when a man entered and asked for a bottle of whiskey. When she turned to get the bottle from the shelf, the man jumped over the counter, grabbed her by the hair and, allowing her to see a small handgun he was carrying, ordered her to open the cash register and give him all the money. As she opened the cash register, the robber noticed a shotgun, forced Ms. Remington to fill a small sack with currency, disrobe, and then lay on the floor while he searched through various small metal boxes stored under the counter. While he was so occupied, a friend of Ms. Remington, Doug Moos, entered the store. When Mr. Moos saw the robber and the shotgun he was holding, he immediately backed out the door and ran to call the police. Neither Remington nor Moos was able to identify the appellant as the robber.

Another witness, John Roberts, was in his car parked directly outside. He saw Moos back out of Remington's store, turn, and run to call the police. Roberts testified that he saw the appellant, Anthony Williams, come out of the store within seconds after Moos, carrying a shotgun and what appeared to be a small sack or piece of cardboard. Roberts said that the appellant came within ten (10) feet before turning into a nearby alley. Within one or two seconds after the appellant entered the alley, a white Oldsmobile, which Roberts had noticed parked there, started up and sped away. At trial, Roberts positively identified the appellant as the person he had seen leaving Remington's store carrying a shotgun.

The appellant's girlfriend also testified. She stated that on the day of the robbery, the appellant had driven her to work and borrowed her white Oldsmobile while she was working. She further testified that the appellant called her later that day and told her to file a stolen car report with the police. She also stated that, when she later confronted the appellant, he eventually admitted holding up the liquor store.

The defense presented witnesses who stated that it was their recollection that Williams had been watching T.V. at a local club during the time of the robbery. The witnesses were not able to positively state that the appellant had been in their presence at the time in question but only that it was Williams' established routine to be there at that time. Williams testified on his own behalf, denied ever driving a white Oldsmobile, and denied robbing the liquor store.

The jury returned a verdict of guilty and recommended ten years' imprisonment. Judgment was entered and Williams was sentenced accordingly.

■ As his first of two assignments of error, Williams states that he was denied a fair trial because the trial court refused to admit evidence of other similar crimes allegedly committed in the past by a third person, Jeffrey Jeter. Jeter had been Williams' cell mate after his arrest and was also identified out of a line-up by Ms. Remington as the person she believed to be the robber.

We disagree with the appellant's argument that the exclusion of Jeter's criminal record warrants reversal. The fact that Ms. Remington was unable to identify Williams was known by the jury. So too was the fact that she had identified Jeter as the hold-up man, rather than the appellant.

The admission or exclusion of evidence is a matter of trial court discretion and its

ruling will not be disturbed without showing abuse of discretion and prejudice resulting therefrom. *See Camp v. State*, 664 P.2d 1052 (Okl.Cr.1983). Similarly, the determination of relevancy is a matter of trial court discretion. *Owens v. State*, 665 P.2d 832 (Okl.Cr.1983). We see very little, if any, relevancy in Jeters' criminal record. Accordingly, this assignment of error is without merit.

 As the second assignment of error, the appellant argues that he was denied a fair trial because of allegedly improper and inflamatory comments during the States's summation. The appellant also complains about an allegedly inflamatory comment made by the victim during direct examination.

Noting first that there were no objections made to the comments of which appellant complains, we still see no merit in appellant's argument. The victim was asked whether she knew why the robber made her disrobe and lay on the floor. Her unobjected-to answer was: "No. I know it was very embarassing and humiliating to me." We not only conclude that this comment is unlikely to arouse such passion and prejudice in the jury to warrant corrective measures on appeal, but also that any possible error has been waived by counsel's failure to voice an objection. *Johnston v. State*, 555 P.2d 629 (Okl.Cr.1976). So, too, has appellant waived any purported error regarding the State's impeachment of his defense witnesses.

The appellant also complains that the prosecutor made improper and prejudicial comments during closing arguments. The rule we apply is that a reversal for improper argument is justified only when the prosecutor's statements are "grossly improper" and unwarranted upon some point which may affect the appellant's rights. *Hartsfield v. State*, 722 P.2d 717, 720 (Okl. Cr.1986). Also, the defendant must preserve any alleged error in closing remarks by a timely objection. *See Plunkett v. State*, 719 P.2d 834 (Okl.Cr.1986).

After listening to the tape recording of the prosecutor's closing argument, we are unable to conclude that his conduct was improper. Nor did we hear objections to any perceived objectionable comments. Because we find no errors, and none have been properly preserved for appeal, this assignment, too, is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.